## GEORGE A. FULLER COMPANY *v.* OTIS ELEVATOR COMPANY.

### CERTIORARI TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 128.   Argued January 3, 1918.—Decided January 14, 1918.

Petitioner, having paid the judgment affirmed in *George A. Fuller Co.* v. *McCloskey,* 228 U. S. 194, recovered indemnity from the respondent, upon the ground that the latter, at the time of the accident, retained its control over the negligent servant.   *Held,* that, there being sufficient evidence upon that point to warrant the verdict, petitioner's judgment should be affirmed.   *Held* further, that the adjudication in the former case did not estop the petitioner upon the issue of primary responsibility here presented, as it did not determine or involve that issue, and respondent had been dismissed from that case as co-defendant before petitioner's evidence therein was heard; and, further, that such adjudication, had it purported to include that issue, would not have the force of a precedent, since in the present case there was evidence, absent in the other, which makes it impossible

to say as a matter of law that respondent did not retain control of the servant.

The writ of certiorari, when issued to the Court of Appeals of the District of Columbia, is not limited to cases in which final judgment has been entered, but only to cases in which the judgment when entered is final. Jud. Code, § 251. So *held* where the judgment of the Court of Appeals reversed the judgment of the Supreme Court of the District.

44 App. D. C. 287, reversed.

THE case is stated in the opinion.

*Mr. Edward S. Duvall, Jr.,* for petitioner.

*Mr. John S. Flannery* and *Mr. Frederic D. McKenney* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit brought by the petitioner to recover indemnity for a judgment that it had to pay in pursuance of the decision of this court in *George A. Fuller Co. v. McCloskey*, 228 U. S. 194. McCloskey, the plaintiff in the former suit, was injured upon an elevator through the negligence of Locke, the man in charge of it. He was at work for the Mackay Company, which was doing some painting under a subcontract with the defendant, the present petitioner, which, it was held, as between the parties then concerned, made the defendant answerable for Locke. The petitioner had constructed an office building under an agreement with the owner, Hibbs. The Otis Elevator Company had put in the elevators, also under an agreement with Hibbs, and furnished the man Locke upon a somewhat vague understanding with the petitioner, which, the latter contends, left Locke the servant of the Elevator Company as between the parties now before this court. If the petitioner is

right and the primary duty rested on the Elevator Company it may recover in the present suit, unless the former proceedings constitute a bar. *Washington Gas Light Co. v. District of Columbia,* 161 U. S. 316, 328.

There was evidence fully sufficient to show that the respondent retained its control at the time of the accident, and the jury found a verdict for the plaintiff, but the judgment was set aside by the Court of Appeals on the ground that although the former judgment did not make the matter *res judicata* it concluded the case: "In view of the adjudicated facts, which were not open to the consideration of a second jury, there was no such primary liability on the part of the Otis Company as will support an action for indemnity." But there were no facts, whether adjudicated in the former case or not, that were not open to the consideration of the jury in this. The Otis Company was joined as a party defendant, it is true, in the former action, and a verdict was directed in its favor. But even if the former verdict against the petitioner had gone on the same issue that was tried in the present case, which was not the fact, it could not have concluded the petitioner in favor of the Otis Company, for the reason, if for no other, that the Otis Company was dismissed from the suit before the petitioner's evidence was heard.

The former judgment did not decide that the evidence in the present case showed as matter of law that Locke, who was in the general service of the Otis Company, was transferred for the moment to the petitioner. It did decide as matter of law that as between the Mackay Company and the petitioner their agreement left the petitioner responsible. It had no occasion to decide and did not purport to decide more. Even if it had gone farther it would have been *res inter alios* as an adjudication and it would not have been a precedent because the evidence in the present case had additional details which, if meagre,

still made it impossible to say as matter of law that the Otis Company did not retain control.

It is objected to the writ of certiorari in this case that there was no final judgment; but the writ when issued to the Court of Appeals is not limited to cases in which final judgment has been entered, but only to cases in which the judgment when entered is final. Judicial Code, § 251. The words "with the same power and authority in the case as if it had been carried by writ of error or appeal to said Supreme Court" express the character of the power, not its conditions, as the power is granted only when a writ of error or appeal does not lie. See Judicial Code, § 240. *Denver* v. *New York Trust Co.*, 229 U. S. 123, 133. The decision in *Bruce* v. *Tobin,* 245 U. S. 18, cited for the respondent, is concerned with the Act of September 6, 1916, c. 448, § 2, 39 Stat. 726, which requires a final judgment in terms.

*Judgment reversed.*

*Judgment of Supreme Court affirmed.*