## DERRY ELECTRIC CO. v. NEW ENGLAND TELEPHONE & TELEGRAPH CO.

Circuit Court of Appeals, First Circuit.
February 25, 1929.

No. 2272.

Alexander Murchie, of Concord, N. H. (Murchie & Murchie, of Concord, N. H., on the brief), for appellant.

Jonathan Piper, of Concord, N. H. (William N. Rogers and Demond, Woodworth, Sulloway & Rogers, all of Concord, N. H., on the brief), for appellee.

Before JOHNSON, Circuit Judge, and HALE and MORTON, District Judges.

MORTON, District Judge. This is an action at law to recover the amount of a judgment which was obtained against the plaintiff by the administrator of one Vanni in the New Hampshire courts, and was paid by the plaintiff. The basic facts are not in controversy. Vanni kept a shop at East Jaffrey, N. H., to which electricity was supplied by the plaintiff. The high tension current from the distributing circuit got into the wires leading into the shop. Vanni touched one of the appliances there and was killed. His administrator sued the electric company, the present plaintiff, in tort for negligently causing the death, and secured the judgment of about $10,000, which forms the basis for the present action. Duncan, Administrator, v. Derry Electric Co., 81 N. H. 398, 127 A. 700.

It is the contention of the plaintiff that although Vanni's death was—as between him and it—due to its negligence, its breach of duty was only of a passive sort; that the active negligence which caused the accident was solely that of the present defendant; and, this being so, that the principle of law against contribution between joint tort-feasors does not apply, and the plaintiff is entitled to recover from the defendant, as the real party at fault, the amount of the judgment.

The present case was submitted to a jury, which returned a verdict for the defendant. It is here on the plaintiff's exceptions to the refusal of the trial judge to give certain rulings of law. The plaintiff's position is most clearly stated in its first request, viz.: "Where two parties, acting together, commit a wrongful act, the party who is held responsible in damages for the act cannot have indemnity or contribution from the other, because both are equally culpable, and the damage results from their joint offense. This rule does not apply when one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability and suffers damage. He may recover from the party whose wrongful act has thus exposed him. In such case the parties are not in equal fault as to each other, though as to third persons either may be held liable." Other requests either presented substantially the same point, or called for rulings on selected facts which lay within the discretion of the trial judge, or for rulings on points of law which are not now material. The plaintiff's first request was an accurate statement of the law. A person is not a joint tort-feasor with respect to an act or omission in which he did not participate, either actually or by implication of law, and which he never ratified or adopted. If the electric company's wires were originally safe and were pulled into a dangerous position by the negligence of the telephone company, and if the electric company's only negligence as to Vanni was its failure promptly to discover the change in its wires which had been thus negligently made, it would in our opinion be entitled to recover in the present action. Washington Gas Light Co. v. District of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Union Stock Yards Co. v. C., B. & Q. R. Co., 196 U. S. 217, 25 S. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525; Atlanta Consolidated St. Ry. Co. v. So. Bell Tel. Co. (C. C.) 107 F. 874; Churchill v. Holt, 127 Mass. 165, 34 Am. Rep. 355; George A. Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422.

The real question is whether the jury were not instructed substantially in accord with the plaintiff's request. The District Judge, after correctly stating the law relating to joint tort-feasors, charged the jury as follows:

"Now to make a concrete application of these principles of law to the evidence in this case, if you find that the cause of Vanni's death was pulling over to the south of the poles from A to D due to the attachment of the telephone wires on those poles (thereby) causing the slack in the plaintiff's primary wires to be taken up between poles A and D, and bringing them into dangerous proximity with the secondary wires extending from F to I; and that such pulling over of the poles was due to the negligence of the Telephone Company; and the Electric Light Company was free from fault at the time of the accident; then your verdict should be for the plaintiff in this case. These are the only considerations or conditions that will entitle the plaintiff to a verdict in this case. But if you find that the action of the Telephone Company had nothing to do with Romeo Vanni's death, then of course no verdict should be found against it; your verdict should be in its favor."

"If you find that Vanni's death was due to faulty construction of the Electric Company's lines or to the lack of proper inspection and care of its lines, and that it was in fault for permitting the wires between poles A and B to be in such close proximity to wires from poles F to I that the wind brought them in contact, and such fault on the part of the Electric Company combined with the negligence of the Telephone Company at the time of the accident produced Vanni's death, then the plaintiff cannot recover in this case, and your verdict should be for the defendant."

"To simplify what I have said, if the Telephone Company was not at fault, you should find a verdict in its favor. If the Telephone Company and the Derry Electric Company were both to blame at the time of the accident, then you should find a verdict for the Telephone Company; but if you find that the Telephone Company was to blame and the Electric Company was not to blame at the time of the accident, then you should find a verdict for the Electric Company."

The plaintiff contends that from these instructions the jury must have understood that the plaintiff could not recover if at fault in any degree. We do not think that this is so. The charge purported to deal only with the rights and liabilities of the two parties to this proceeding; and the expressions in it, which are relied upon by the plaintiff, are to be read with this fact in mind. The jury were told, as clearly as the English language permits, that if the accident was caused by the pulling over of the poles by the negligence of the telephone company, and the electric light company was free from fault at the time of the accident, the verdict should be for the plaintiff. All parties assumed that the electric company's negligence as to Vanni had been established, and further assumed that such negligence did not necessarily preclude its recovery in this action. Otherwise there would have been nothing to submit to the jury. The jury must have understood that the question was whether as between the telephone company and the electric company the former was solely to blame for the accident. See Boston & Maine Railroad v. Brackett, 71 N. H. 494, at page 497, 53 A. 304.

The evidence of active negligence on the part of the telephone company was so extremely slight and unsatisfactory that if it made a case for the jury at all—which we do not find it necessary to decide—the verdict for the defendant may well have been given on the ground that the proof did not support the plaintiff's contentions. A special finding on this point would very likely have foreclosed it against the plaintiff and avoided this appeal.

The judgment of the District Court is affirmed, with costs to the appellee.