## STANDARD OIL CO. v. ROBINS DRY DOCK & REPAIR CO.

Circuit Court of Appeals, Second Circuit.
April 15, 1929.

No. 264.

Cullen & Dykman, of Brooklyn, N. Y. (Timothy J. Shea and Maximilian Moss, both of Brooklyn, N. Y., of counsel), for appellant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Cletus Keating and James H. Herbert, both of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). ▇ It is contended by the plaintiff that the appeal should be dismissed, because no order allowing it was obtained; but the bond on appeal was approved. This was enough to cure any irregularity in perfecting the appeal. Brandies v. Cochrane, 105 U. S. 262, 26 L. Ed. 989.

▇ The record contains no bill of exceptions, so that we are confined to a review of errors appearing in the judgment roll. In this case we can only consider whether the complaint is sufficient to support the judgment. Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624. The complaint was founded on the primary obligation of the Robins Dry Dock & Repair Company, that had furnished the gangway and had invited the plaintiff's employees to use it, to keep such gangway in a safe condition.

We can see no real distinction between the legal principles involved in this case and in Washington Gaslight Co. v. Dist. of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712, Geo. A. Fuller Co. v. Otis Elevator Co., 245 U. S. 489, 38 S. Ct. 180, 62 L. Ed. 422, and Petition of L. Boyer's Sons Co. (C. C. A.) 25 F.(2d) 602. In all three of those cases a third party had recovered against a person who was under a nondelegable duty to furnish a safe place to such third person, but in each case the primary and affirmative wrong was occasioned by the defendant against which indemnity was sought. In the Washington Gaslight Co. Case, supra, the District of Columbia had been held liable for injuries to a pedestrian caused by a deep and dangerous hole in a street in Washington. This hole was made by a gas box placed in the street by the Washington Gas Company, which had remained open and unrepaired. The District of Columbia notified the gas company to come in and defend the action brought against the District by the injured person. The Supreme Court held that a judgment against the District, rendered after notice to the gas company, and after opportunity afforded it to defend, was conclusive of the liability of the company to the District, and allowed the latter to recover indemnity for the amount that it had been obliged to pay.

In the case at bar the primary obligation of the Robins Dry Dock & Repair Company is set up in the complaint. The judgment for the plaintiff, therefore, is in accordance with that pleading.

It is contended that the complaint should have alleged that Anstee, the person injured, was free from contributory negligence. But the liability of the defendant to Anstee, based upon the installation of a defective gangway and an invitation to use it, was conclusively determined by the state court judgment. The judgment, to the extent of establishing that liability, is binding upon this plaintiff, who had notice and the right to defend. Such was the ruling in the case of Washington Gaslight Co. v. Dist. of Columbia, supra.

▇ The contention that the plaintiff here was bound to allege and prove freedom from contributory negligence as against the defendant is wholly contrary to the theory of Washington Gaslight Co. v. District of Columbia, supra. The whole basis of that decision was not freedom from negligence of the indemnitee but the primary fault of the indemnitor. Union Stockyards Co. v. Chicago, etc., R. Co., 196 U. S. 217, 25 S. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525, differs from

the foregoing decision, because the person there seeking indemnity was concurrently negligent.

If Oceanic Steam Navigation Co. v. Campania Transatlantica Espanola, 144 N. Y. at page 668, 39 N. E. 360, can be thought to require different allegations in the complaint, it is not in accordance with decisions binding upon us. Those decisions distinguish between primary and secondary negligence—between faults of commission and omission.

The matter which remained open to litigation in the case at bar was the question whether the defective gangway installed by the dry dock company was the *primary* cause of the injuries to Anstee. The installation of a defective gangway for the use of employees involved active negligence on the part of the dry dock company, whereas the neglect of the Standard Oil Company to inspect the gangway and to warn its employees against danger was a secondary fault of omission. In such circumstances, the plaintiff was entitled to indemnity. Washington Gaslight Co. v. Dist. of Columbia, 161 U. S. 316, 16 S. Ct. 564, 40 L. Ed. 712; Gray v. Boston Gaslight Co., 114 Mass. 149, 19 Am. Rep. 324; Scott v. Curtis, 195 N. Y. 424, 88 N. E. 794, 40 L. R. A. (N. S.) 1147, 133 Am. St. Rep. 811; Petition of L. Boyer's Sons Co. (C. C. A.) 25 F.(2d) 602.

The complaint clearly states facts showing the primary liability on the part of the dry dock company, and the judgment is in conformity with its allegations, which is accordingly affirmed.