### FIDELITY & CASUALTY CO. OF NEW YORK v. FEDERAL EXPRESS, Inc., et al.

### SAME v. FORNARO CO.
#### Nos. 7673, 7486.

Circuit Court of Appeals, Sixth Circuit.
Nov. 10, 1938.

H. M. Roberts, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for appellant in both cases.

J. R. Kistner, of Cleveland, Ohio, for appellees Federal Express, Inc., et al.

H. F. Van Lill, of Cleveland, Ohio (Orgill, Maschke & Wickham, of Cleveland, Ohio, on the brief), for appellee Fornaro Co.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

SIMONS, Circuit Judge.

The appeals are not related, but since they present the same legal question, they may be disposed of in a single opinion.

The appellant is an insurer, and having paid each of two several judgments rendered against persons whom it was obligated to indemnify in tort actions for personal injuries arising through negligence, and being subrogated to their rights against others, sued the several appellees for indemnity upon the theory that each of them was respectively the author of the primary and active wrongful conduct which in each instance led to the injury and the subsequent judgment against the appellant's insured. The several appellees, having been co-defendants with the insured in one or the other of the tort actions, and having been there adjudged free from liability to the respective plaintiffs therein, demurred to the appellant's petitions on the ground that they failed to state causes of action. These appeals are taken from judgments of dismissal.

While no opinions were announced below, the judgments are supported principally by the contention in each case that the appellant is estopped by the judgment against its insured in the tort action from maintaining the present suit. While generally one wrong-doer may not have indemnity from a joint tort-feasor, yet in many jurisdictions recovery is permitted where the primary or active fault rests upon the other joint tort-feasor. Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; City of Owensboro v. Westinghouse, etc., Co., 6 Cir., 165 F. 385; Standard Oil Co. v. Robins Dry Dock Co., 2 Cir., 32 F.2d 182; Township of Hart v. Noret, 191 Mich. 427, 158 N.W. 17, L.R.A.1916F, 83, and this even where the alleged joint tort-feasor was himself a co-defendant in the original action and was there absolved from liability. The reason for refusal to recognize estoppel in such cases was stated by this court in the Owensboro Case, supra: "Neither defendant had any control over the pleading or defense made by the other, and neither could take up for review an adverse judgment against the other. To all intents and purposes, the conditions were the same as if independent suits had been brought against each of the defendants." [page 388.]

In some states provision is made by statute or rule of practice for the joinder of issue between co-defendants. There is no statutory provision or precedent for co-defendants joining issue in Ohio, Gatch v. Simkins, 25 Ohio St. 89, and the judgment in the first action is not under Ohio law conclusive where the parties were not actually in adverse positions. Koelsch v. Mixer, 52 Ohio St. 207, 39 N.E. 417. Issues between co-defendants in the primary cases here involved were not joined, and the causes of action now asserted by the appellant have not been presented to or decided in any court.

The appellant is entitled to its day in court in each case. This it has not had, and the demurrers should have been overruled.

The judgments are reversed and the causes remanded to the District Court for trial.