**BOHN v. AMERICAN EXPORT LINES, Inc., et al.**

District Court, S. D. New York.

Oct. 7, 1941.

William L. Standard, of New York City, for plaintiff.

Haight, Griffin, Deming & Gardner, of New York City (Arthur O. Louis and Walter T. Hughes, Jr., both of New York City, of counsel), for defendant American Export Lines, Inc.

Silliman, Gay & Silliman, of New York City (Russell C. Gay and Sherwood E. Silliman, both of New York City, of counsel), for defendant Wyle Lighterage Corp.

BRIGHT, District Judge.

Defendant Wyle Lighterage Corp., moves to have stricken a cross-claim alleged against it in the second amended answer of defendant American Export Lines, Inc., upon the ground urged that such cross-claim does not state facts sufficient to constitute a cause of action.

The action is brought to recover damages for personal injuries claimed to have been caused by the negligence of both defendants, the first cause of action being against the defendant American Export Lines, Inc., under the Jones Act, 46 U.S. C.A. § 688, and the second cause against the defendant Wyle Lighterage Corp. It is alleged that while plaintiff, an employee of the American Export Lines, was engaged in the performance of his duties upon one of its steamships, he was struck by bags of coal then being hoisted by Wyle, and thereby precipitated from the steamship to the lighter owned by Wyle.

The gist of the cross-claim as pleaded is that defendant Wyle manned, equipped and controlled the lighter used in delivering coal to the vessel of defendant American Export, which operation was solely that of defendant Wyle without any participation of American Export; that for the injuries sustained by plaintiff, defendant Wyle is primarily liable, because such injury was caused by the negligence of Wyle in providing the lighter and of its servants in the manner in which the coal was handled, and without any negligence on the part of American Export. Finally it is averred that defendant Wyle violated its duty to plaintiff to use due care, and its duty to so conduct itself as not to cause loss or damage to defendant American Export. In the event that American Export is held liable to the plaintiff, it seeks judgment over against Wyle.

I think the cross-claim states a cause of action and should be sustained.

■ Although as a general rule at common law there is no right to contribution between wrongdoers, there are exceptions to the rule. Erie R. R. Co. v. Erie & W. Transportation Co., 204 U.S. 220, 225, 27 S.Ct. 246, 51 L.Ed. 450; New York & P. R. S. S. Co. v. Lee's Lighters, D.C., 48 F.2d 372, 375. Since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the state law is determinative of the right to indemnity or contribution. Kravas v. Great Atlantic & Pacific Tea Co., D.C., 28 F. Supp. 66. As to matters of pleading the Federal Rules control. ibid.

■ It is the law of New York that one is liable for his negligence not only to the person injured, but also to one who without fault has been held responsible for that injury. Dunn v. Uvalde Asphalt Paving Co., 175 N.Y. 214, 67 N.E. 439; Oceanic Steam Nav. Co. v. Compania Transatlantica Espanola, 134 N.Y. 461, 31 N.E. 987, 30 Am.St.Rep. 685.

The recent application of the doctrine in Westchester Lighting Co. v. Westchester County Small Estates Corp., 278 N.Y. 175, 15 N.E.2d 567, points the way to the decision in this case. And see Schubert v. August Schubert Wagon Co., 249 N.Y. 253, 257, 164 N.E. 42, 64 A.L.R. 293; Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed. 712; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 32 F.2d 182.

■ Although at common law, as pointed out in the Uvalde case, supra, liability sued upon had first to become fixed by a judgment, I think under Rule 13(g), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that

230

element is no longer requisite, for it is plain that a cross-claim permitted thereunder may "include a claim that the party against whom it is asserted is or may be liable to the cross-claimant."

Motion denied. Submit order.