On May 5, 1939, in the suit of Miss Alder McGuire v. The Dalton Company, Inc., et al., a judgment was rendered by the District Court of East Baton Rouge Parish in favor of Miss McGuire and against the said Dalton Company, Inc., and the other defendant, the Gulf States Utilities Co., in solido, in the sum of $4421.70, with interest and costs. The judgment was based on a claim by Miss McGuire for personal injuries which she sustained by reason of the explosion of a gas stove which had been purchased by her father from the Dalton Company and which had been installed by the Utilities Company for the Dalton Company under a contract between the two companies by which the Utilities Company had agreed for a certain price to install and adjust the gas ranges sold by the Dalton Company to its customers. An appeal was taken to this court and the judgment was amended by reducing the amount of the award to the sum of $2,921.70 and otherwise affirmed. See McGuire v. Dalton Co., 191 So. 168, 173.
The contract for the installation of its gas ranges was made by the Dalton Company with the Baton Rouge Electric Company, but the Gulf States Utilities Company later succeeded to all the rights and obligations of the said Electric Company and a reference to the Utilities Company in this opinion will also serve as a reference to the Electric Company insofar as it might be affected. On February 17, 1940, the plaintiff in the present suit, American Employers' Insurance Company, as the insurer of the Dalton Company, paid one half of said judgment, interest and costs, and the Utilities Company paid the other half of said judgment, each paying the sum of $1756.97. The plaintiff herein, as the subrogee of the Dalton Company, has brought this suit against the Utilities Company to recover the amount paid by it for the Dalton Company on the ground that the injuries sustained by Miss McGuire were caused by the negligence of the employees of the Utilities Company and without any fault or negligence on the part of the Dalton Company. As the plaintiff in this suit stands in the same position with reference to the Utilities Company as does the Dalton Company, the case will be discussed as though the Dalton Company were the plaintiff seeking to recover the amount paid by it under a judgment condemning it and the Utilities Company in solido for the injuries suffered by Miss McGuire.
It might be noted here that the plaintiff in the present suit only sued for one half the principal of said judgment plus attorneys' fees of $500 incurred in the McGuire suit, and the trial court first rendered a judgment in favor of the plaintiff and against the Utilities Company for one half the principal of the judgment and denied attorneys' fees. Before the judgment was signed, however, an application for a rehearing was filed by the plaintiff setting up that it had paid one half of said judgment, including interest and costs, and that the Utilities Company had admitted this payment, and asked that a rehearing be granted and that judgment be rendered in its favor and against the defendant for the full amount paid by it without any reference to attorneys' fees. The rehearing was granted and a judgment was rendered in favor of plaintiff and against the defendant for the said sum of $1756.97. Therefore the question of attorneys' fees has passed out of the case. The defendant has appealed.
While two exceptions were filed by the defendant and overruled by the court, it is unnecessary to discuss these exceptions as the question presented on the merits is the same as that presented by the exceptions, and a decision on the merits will cover the same legal points raised by the exceptions.
The injury sustained by Miss McGuire for which the award was made against both of the companies in solido was caused, as was found by both the district court and this court, by the improper and negligent installation of the gas stove by the employees of the Utilities Company in that a shutter which controlled the mixture of air and gas going into the burner which Miss McGuire was attempting to light when the explosion occurred was improperly adjusted. In commenting on the testimony of one of the witnesses for the Utilities Company in that case and in fixing *West Page 630 
the responsibility for the explosion of the gas stove, this court said: "His testimony, in our opinion, definitely fixes the responsibility for the accident on the employees of The Baton Rouge Electric Company who evidently were negligent in adjusting this shutter at the time they installed the range. For their negligence, their employer as well as The Dalton Company, Ltd., under the contractual relations existing between them, must be held liable in damages to the plaintiff unless they have shown that she was in any manner guilty of contributory negligence."
It is obvious that this court found that the proximate cause of the injuries to Miss McGuire was the negligence of the employees of the Utilities Company in adjusting the gas range which this company installed for the Dalton Company under a contract with the latter company. The testimony in the McGuire suit (the record in that suit being a part of the record in this suit) shows that the installation and adjustment of the gas stoves sold by the Dalton Company was entrusted by this company entirely to the Utilities Company. While a claim was made in the McGuire suit that the Dalton Company was negligent in failing to keep a proper check on the work done for it by the Utilities Company and because of a failure on the part of the Dalton Company to report to the Utilities Company a complaint alleged to have been made by Mr. McGuire with reference to some defect in the operation of the stove, yet the Dalton Company was not condemned by the district court nor by this court for any negligence on its part, but was held liable to Miss McGuire because of its contractual relationship with the company which it had engaged to install and adjust the stoves in its behalf for its customers. In other words, the legal situation was similar to that which would have existed had the Dalton Company employed some mechanic to install and adjust the stoves which it sold to its customers and as part of the sale agreed to connect, install and adjust. If the Dalton Company was guilty of any negligence, it was not a contributing or proximate cause of the injury to Miss McGuire.
The rule generally prevailing is that as between joint wrongdoers, or tort-feasors, there can be no contribution, and that one of two or more persons who have become liable to a third person for a tort cannot, if compelled to pay the whole amount of damage, enforce contribution from his co-wrongdoers where both or all are guilty of negligence or wrongdoing which contributes to the injury causing the damage. However, where a person is exposed to liability to a third person by reason of the negligence or wrongful act of another in which he does not join and to which he does not contribute, he may recover against the person whose negligence or wrongful act caused the damage where he is forced to pay the damage caused to the third person, and the law will inquire into the real delinquency and place the ultimate liability upon him whose fault was the primary and proximate cause of the injury. 27 Am.Jur. pp. 467-469, Sections 18 and 19; George A. Fuller Company v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; John Griffiths Son Company v. National Fireproofing Company, 310 Ill. 331, 141 N.E. 739, 38 A.L.R. 559.
The first part of the above rule, to the effect that joint tort-feasors whose negligence combines in causing damage to a third person cannot enforce contribution between or among themselves, does not prevail in Louisiana, at least since the decision of the Supreme Court in the case of Quatray v. Wicker et al., 178 La. 289, 151 So. 208, where the court held that one of the joint tort-feasors who had been condemned in solido by a judgment of court for damages caused by their concurrent negligence had the right to force contribution against the other for his half of the judgment; that the rule under Article 2103 of the Civil Code providing for the contribution by solidary obligors between or among themselves for each to share his portion of the debt applies to obligations arising ex delicto as well as those arising ex contractu.
Learned counsel for defendant insist that, as both the Dalton Company and the Utilities Company have been condemned in solido by a judgment of court, they are judgment debtors in solido, and, under the ruling in the above cited case, each is liable as between themselves for one half the judgment; that the nature and extent of their liability to Miss McGuire has been fixed by a judgment of court which judgment has also fixed their liability as between themselves. Counsel argue that the question of whose fault or negligence caused the injuries to Miss McGuire is foreclosed by the judgment and it is now irrelevant to go into the question of whose primary negligence caused the injury with *West Page 631 
the view of fixing the liability of the two defendants in the former suit as between themselves.
We do not consider that the Quatray-Wicker case held, or intended to hold, that a judgment rendered against joint tort-feasors in favor of a third person would preclude one of the tort-feasors in a suit against the other from showing that he was not at fault in causing the injury; that he was only technically liable because of some legal or contractual relation that he bore to his co-defendant in the former suit. Indeed, as between the Dalton Company and the Utilities Company, the issue was not raised and the question was not adjudicated as to the respective rights of these two companies between themselves. Certainly, it would not be seriously contended, for instance, that a master or principal who had been condemned in solido with his servant or agent for the negligence of the servant or agent and for which the master or principal was in no wise at fault, that the master or principal would be precluded from suing the servant or agent to recover what he was forced to pay, and in that suit show that the negligence or wrongdoing of the servant or agent was the primary cause of the injury.
In rendering the judgment in favor of Quatray against Wicker and Marchesseau in solido, the Court of Appeal found that the accident which resulted in the injuries to plaintiff in that suit was caused by the joint and concurrent negligence of the defendants. Quatray v. Wicker, 16 La.App. 515, 134 So. 313. It is true that when the case came to the Supreme Court on the question of contribution as between Wicker, or his subrogee, and the other tort-feasor, Marchesseau, the court stated that the extent of the liability of Marchesseau and Wicker, relatively, was fixed definitely by the decree of the Court of Appeal, and the cause or origin of the liability of each of them was a matter of no importance. But we do not understand that the court meant to hold that as to the respective rights between the defendants themselves to adjudicate their liability to each other was foreclosed by a judgment against them in favor of a third person and where their respective rights and liabilities to each other were not issues in the case and, consequently, where the court had no opportunity of passing on their respective rights and liabilities between themselves.
In our opinion, the second part of the rule stated above prevailing in most jurisdictions, to the effect that a party made liable in solido with another for the negligent acts of the other because of some legal or contractual relationship with such other party, but himself guilty of no fault or negligence, may force the one primarily at fault to re-imburse him for damages paid to a third person on account of the fault or negligence of the other, prevails in this State, as will appear from a reading of the cases of Appalachian Corporation, Inc. v. Brooklyn Cooperage Co., Inc., 151 La. 41, 91 So. 539 and Sutton et al. v. Champagne et al., 141 La. 469, 75 So. 209.
The Appalachian case is appropriate to and decisive of the legal point raised in the present case. The Appalachian Corporation purchased from the Cooperage Company a warehouse and obtained and recorded a title to the property. On the second day after the purchase of the property but while it was still in the possession of the Cooperage Company and under its control, a night watchman was injured on account of a defective door in the building. The watchman sued the Appalachian Corporation only as the holder of the title to the property and recovered a judgment against the Corporation which judgment was paid by it. The corporation then sued the Cooperage Company for re-imbursement on the ground that the negligence of the latter company caused the injury and the Corporation was guilty of no fault, but was only technically and constructively liable. The facts showed that the negligence of the employees of the Cooperage Company was the cause of the injury to the watchman, and the court permitted the Corporation to recover the amount paid by it.
After stating the general rule that no contribution can be enforced as between or among joint tort-feasors where their joint and concurrent negligence causes injury to a third person (which rule seems to have been modified in this State in the Quatray-Wicker case at least to the extent that contribution may be enforced where the parties have been condemned in solido by a judgment of court), the court announced and applied the exception to the general rule in the following language [151 La. 41, 91 So. 541]: "Every rule, however, has its exception, and where, as in this case, the actual fault of the proximate cause of injury is attributable to one *West Page 632 
of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, the general rule will not apply, and indemnity may be had against the one primarily responsible for the act which caused the damage."
We conceive the exception to the rule as stated in the above quotation to be in effect in this State, regardless of what the rule might be as to tort-feasors in pari delicto where judgment has not been rendered against all. The fact that only the Appalachian Corporation was sued and no judgment in solido was rendered against it with the Cooperage Company could not affect the rights or liabilities of the two companies as between themselves for the reasons already stated.
As the negligence which proximately caused the injury to Miss McGuire was attributable to the employees of the defendant company, it must bear the loss and re-imburse the amount paid by the plaintiff insurance company for the Dalton Company.
For these reasons, the judgment appealed from is hereby affirmed at the cost of appellant in both courts.