SPAULDING v. PARRY NAVIGATION CO., Inc. (TODD SHIPYARDS CORPORATION, Third-Party Defendant).

United States District Court
S. D. New York.
April 3, 1950.

565

Benjamn B. Sterling, New York City, Marvin Schwartz, New York City, of counsel, for plaintiff.

Irving L. Evans, New York City, defendant and third-party plaintiff, Parry Navigation Co., Inc.

John J. Kirwan, New York City, Leo F. Hanan, New York City, of counsel, for third-party defendant Todd Shipyards Corporation.

IRVING R. KAUFMAN, District Judge.

Parry Navigation Company, Inc., seeks indemnity from the Todd Shipyards Corporation for the damages awarded to the plaintiff, Robert Spaulding, against Parry.

■ The law of the state where the injury occurred is determinative of the right to contribution or indemnity. Bohn v. American Export Lines, D.C.S.D.N.Y. 1941, 42 F.Supp. 228; Kravas v. Great Atlantic & Pacific Tea Co., D.C.W.D.Pa. 1939, 28 F.Supp. 66; Brown v. Cranston, 2d Cir. 1942, 132 F.2d 631, 148 A.L.R. 1178; Friend v. Middle Atlantic Transp. Co., 2 Cir., 1946, 153 F.2d 778. In this case the law of New Jersey is applicable and

that law seems to be in accord with the prevailing view.

■ The general rule is that there is no contribution or indemnity between joint tort-feasors. However, there is an exception to this rule where one tort-feasor does the negligent act and the other does not join therein but is thereby exposed to liability for injuries sustained by a third party. Popkin Bros. v. Volk's Tire Co., Sup.Ct.1941, 23 A.2d 162, 20 N.J.Misc. 1. For example, the party seeking indemnity may have been only technically or constructively at fault, as from a failure to perform some legal duty, and the negligent or wrongful act of the party from whom indemnity is sought was the primary or proximate cause of the injury. See 31 Corpus Juris at page 455, § 55, 42 C.J.S., Indemnity, § 27; Popkin Bros. v. Volk's Tire Co., supra, 23 A.2d at page 164.

■ As is stated in the Restatement of the Law of Restitution, Section 95: "Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels which was created by misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditure properly made in the discharge of such liability, *unless after discovery of the danger, he acquiesced in the continuation of the condition.*" (Emphasis is added).

■ Notable instances in which the exception to the general rule operates, as stated in 1 Moore's Federal Practice at pp. 772-773, are as follows:

(1) Where a master has been held liable for the tort of his servant or agent under the doctrine of respondeat superior. See, e. g. Frank Martz Coach Co. v. Hudson Bus Transp. Co., Sup.Ct. 1944, 44 A.2d 488, 23 N.J.Misc. 342.

(2) Where an owner of property has been held liable for the negligence of an independent contractor. See, e. g., Washington Gas Light Co. v. Dist. of Columbia, 1896, 161 U.S. 316, 16 S.Ct. 564, 40 L.Ed 712.

(3) Where one tort-feasor created the risk and the other failed to discover it. See, e. g., Popkin Bros. v. Volk's Tire Co., supra; Derry Electric Co. v. New England Telephone & Telegraph Co., 1 Cir., 1929, 31 F.2d 51; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 1929, 32 F.2d 182.

■ The rationale behind these cases seems to be that where one who has a non-delegable duty does in fact delegate that duty or turn over *control* of property to another, the two are tort-feasors but are not in pari delicto, and the one who has the mere legal duty or whose sole fault is an act of omission, such as a failure to inspect, has a right of contribution or indemnity against his joint tort-feasor. See Geo. A. Fuller Co. v. Otis Elevator Co., 1918, 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 442; Corrao v. Waterman S. S. Corp., D.C.E.D.N.Y. 1948, 75 F.Supp. 482; Central Surety and Insurance Corp. v. Mississippi Export R. Co., 5 Cir., 1937, 91 F.2d 125, 126; George's Radio v. Capital Transit Co., 1942, 75 U.S. App. D.C. 187, 126 F.2d 219.

In the instant case the plaintiff Robert Spaulding, recovered a verdict under the Jones Act, 46 U.S.C.A. § 688, against his employer, Parry Navigation Co., for injuries sustained due to the negligence of his employer or its employees. The defendant had impleaded Todd Shipyards in the action and maintained that the ladder from which the plaintiff fell was owned and controlled by Todd and that Parry was not negligent in any way but merely was held liable under its non-delegable duty to provide the plaintiff with safe means of ingress to and egress from the ship.

The Court required a special verdict as between Parry and Todd upon the following written questions and obtained the answers indicated:

(1) Did Todd Shipyards provide and pay for the berth at pier 16 where the S/S Lindenwood Victory was moored on August 14, 1947? Answer: Yes.

(2) If the answer to (1) is "yes", was it the general practice at the Port of New York in August 1947 for ship repair companies to provide a ladder or gangway for the ship's crew to board and leave their vessel at a berth provided by the ship repair company? Answer: Yes.

(3) Did Todd or Parry control the ladder in question when the ship was berthed at pier 16 at the time of the accident? (Answer "Parry" or "Todd"). Answer: Todd.

(4) Did Todd place the ladder in question against the ship? Answer: Yes.

(5) Was the ladder in such condition at the time of the accident to the plaintiff,— for example was it greasy, oily or defective,—so that a reasonably prudent person should have foreseen that someone using the ladder would be injured? Answer: No.

(6) If the answer to (5) is "yes", did the faulty condition of the ladder, such as stated in the preceding question, cause or contribute to the injury to the plaintiff? Answer: * * *

(7) If the answer to question (6) is "yes", did any officer or officers of the ship know of the faulty condition of the ladder and fail to correct it prior to the accident? Answer: * * *

(8) Was the ladder improperly secured to the ship,—for example, by failing to lash the ladder to the ship's railing, so that a reasonably prudent person should have foreseen that someone using the ladder would be injured? Answer: Yes

(9) If the answer to (8) is "yes", did the failure to secure the ladder properly cause or contribute to the injury to the plaintiff? Answer: Yes.

(10) If the answer to (9) is yes", did any officer or officers of the ship know of the faulty failure to secure the ladder and fail to correct the condition prior to the accident? Answer: Yes.

(11) If the answer to (9) is "Yes", was it the duty of the seamen in the deck department of the ship or the duty of Todd, or of both, to see to it that the ladder was properly secured or lashed? (Answer "Deck Department" or "Todd" or "Both") Answer: Both.

(12) Did Kline C. Moyer start to descend the ladder while the plaintiff was still descending? Answer: Yes.

(13) If the answer to (12) is "yes", was he careless or negligent in descending the ladder? Answer: Yes.

(14) If the answer to (13) is "yes", did his act in descending the ladder while the plaintiff was still descending cause or contribute to the injury to the plaintiff? Answer: Yes.

(15) Was the plaintiff, Robert Spaulding, careless or negligent in the manner in which he descended the ladder? Answer: No.

(16) If the answer to (15) is "yes", did the plaintiff's carelessness or negligence cause or contribute to his injury? Answer:
* * *

It can be seen that while the jury did determine that Todd was negligent, it also found several affirmative acts of negligence on the part of Parry and its employees, i. e. acts of commission rather than omission and acts which would indicate not only knowledge but acquiescence. (See quotation from Restatement of the Law of Restitution, supra). First the officers of the ship owned by Parry knew the ladder was not secured and failed to correct this condition, which was one of the causes of the injury to the plaintiff. Secondly, the seamen in the deck department, who were aboard the ship, were under a duty to see that the ladder was properly secured and lashed, and they failed to carry out this affirmative duty to act. Furthermore, the jury found that seaman Moyer was negligent in descending the ladder at the same time as the plaintiff and that this also contributed to the injury to the plaintiff; therefore Parry is responsible under the doctrine of respondeat superior.

The jury by its special verdict has found Parry guilty of such contributory negligence as would take its act out of the category of mere omissions and place them in the category of commissions.

In the case of Standard Oil Co. v. Robins Dry Dock & Repair Co., supra, indemnity was granted. However, in that case the shipyard was in complete control of the ship at its dry dock, and the primary cause of the accident was held to be the defective gangway supplied by the shipyard since the shipowner in that case had no knowledge of the defect but merely neglected to inspect the gangway. The ruling here is harmonious with the rationale of that case.

There are further undisputed facts in this case as to the awareness of the ship's officers of their duty which strengthen the finding of affirmative negligence, such as the fact that the full crew was aboard the ship, and that an attempt was made by members of the crew, acting under orders of their officers to lower the accomodation ladder, when the ship tied up at the pier, but failed to do so, and subsequently the ladder, from which the plaintiff fell, was put up. Cf. Larsen v. United States, D.C. E.D.N.Y. 1947, 72 F.Supp. 137; Guerrini v. United States, 2d Cir., 1948, 167 F.2d 352, 354.

 Accordingly, motion by Todd Shipyards Corporation for judgment in its favor against Parry Navigation Co., Inc., based on the special verdict is granted. Motion by Parry Navigation Co., Inc. for judgment in its favor against Todd Shipyards Corporation on the special verdict denied.