## KIEL v. TRANSCONTINENTAL INS. CO. OF NEW YORK.

No. 10082.

United States Court of Appeals Seventh Circuit.

Oct. 12, 1950.

James P. Murphy, Ira D. Snouffer, Fort Wayne, Ind., for appellant.

Richard V. Henry, Jr., and Tom Leeming, Chicago, Ill., Richard F. Baird, Jr., and Robert Y. Keegan, Fort Wayne, Ind., for appellee.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

Plaintiffs sued to recover money paid to satisfy a judgment because of a personal injury sustained by one Langston. The case was tried by the court without a jury. The trial judge found for defendant and rendered the judgment from which this appeal is taken.

The complaint alleged that defendant pursuant to an option in its policy to repair an insured damage employed a contractor to make the repair, and thereby it assumed the exclusive control of the repair; that it was its duty to make the repair in a reasonable time, and that defendant failed to make repair or to do anything to protect or safeguard the damaged canopy from falling, as a result of which Langston was injured.

The facts. Defendant issued its policy to Arthur H. Kiel and Frieda Kiel, insuring a building against damage inflicted by motor vehicles. In this building Frieda Kiel and her husband conducted a tavern. On April 20, 1944, while the policy was in effect, a wooden canopy over a door of the building was struck by a truck and loosened from its attachment to the building. That fact Arthur Kiel reported to Loos, defendant's agent, who communicated with one Manny, manager of an adjustment company, and instructed him to make an examination of the damage. Manny inspected the premises and reported the damage to Loos, but no action was taken by any one to safeguard the canopy against falling. The policy gave defendant an option to repair the damage or to replace the property damaged within a reasonable time on giving notice—within 30 days after the receipt of proof—of its intention so to do. Manny, acting for and on behalf of defendant, arranged for the repairs to the canopy. He secured estimates as to what it would cost to repair the damage, and on April 25 he told one Huth that his estimate of $40 was satisfactory; that he would send Kiel a proof of loss for that amount, and that Huth could "go ahead and fix" the damaged building. On May 1, 1944, Langston, a customer emerging from the tavern, was injured when the canopy fell upon him. It also appears that after Arthur Kiel had informed Loos that the canopy had been loosened and before it fell upon Langston, he, Loos, said to Kiel, "get that canopy off there before it [falls] and hurts somebody." For the injuries sustained, Langston commenced an action in an Indiana court against the Kiels. In that action the Kiels interpleaded the insurance

company. That case was tried before a jury, and at the conclusion of Langston's case the court directed a verdict in favor of the insurance company and the action against it was dismissed, but proceeded against the Kiels and a judgment was rendered against them, which they satisfied.

The recovery of the judgment by Langston against plaintiffs was because of their failure to keep the canopy above the entrance to their tavern in a reasonably safe condition. By the present action they sought indemnity against defendant on the ground that defendant had assumed exclusive control of the repair, and since defendant failed to make the repairs or to do anything to protect or safeguard the damaged canopy, it was liable over to plaintiffs.

█ The trial judge was of the opinion that it was the sole duty of plaintiffs, as property owners, to maintain the property in a safe condition, and that defendant, not being in possession of the premises, had no duty "in tort to the public in this regard." He concluded that the injuries suffered by Langston could not be charged to defendant even though it had exercised its option to repair the canopy.

In this court plaintiffs rest their contention that defendant is liable over to them mainly on George A. Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L. Ed. 422; Phoenix Bridge Co. v. Creem, 102 App.Div. 354, 92 N.Y.S. 855; Hollywood Barbecue Co. v. Morse, 314 Mass. 368, 50 N.E.2d 55; Maryland Casualty Co. v. Frederick Co., 142 Ohio St. 605, 53 N.E.

2d 795; and John Griffiths & Son Co. v. National Fireproofing Co., 310 Ill. 331, 141 N.E. 739, 38 A.L.R. 559. These cases hold under their own particular facts that where one creates an act which produces an injury and the other does not join therein but is exposed to liability and suffers damage, the latter may recover indemnity from the former. This is an exception to the general rule that as between joint wrongdoers there can be no contribution or indemnity. The exception is upon the basis that one who is without fault or without knowledge of the fault but is constructively liable to a third person can recover the amount he has been forced to pay from the person who was at fault. We are of the opinion that these cases are not applicable to the facts in our case.

█ In the instant case defendant was not in possession of the canopy or the building to which it was attached, and there was no evidence as to when defendant was to commence or complete the repairs, or that it was to take any steps to protect any one entering the tavern. On the contrary, the building was in the possession of plaintiffs and was being used by them in the operation of their business at a time when plaintiffs were aware of the unsafe and dangerous condition of the canopy. In this situation we are of the opinion that the trial judge correctly concluded that the injuries suffered by Langston could not be charged to defendant. See City of Gary v. Bontrager Construction Co., 113 Ind.App. 151, 47 N.E.2d 182.

Affirmed.