## UNITED GAS CORP. v. GUILLORY et al.
### No. 14359.

United States Court of Appeals
Fifth Circuit.
July 10, 1953.

Oliver P. Stockwell, Plauché & Stockwell, Lake Charles, La., John M. Madison, Wilkinson, Lewis & Wilkinson, Shreveport, La., for appellant.

Milton L. LeBlanc, Jr., LeBlanc & Donaldson, New Orleans, La., John A. Hickman, Fred C. Selby, Lake Charles, La., for appellees.

Lawes, Cavanaugh & Hickman, Lake Charles, La., for appellee Travelers Ins. Co.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Chester Guillory and Albert Williams sued United Gas Corporation for injuries sustained by them when an explosion occurred in a manhole in Broad Street, Lake Charles, Louisiana, on August 11, 1950. The manhole was then under construction by Guillory's and Williams' employer, T. Miller & Sons, working under a contract for Gulf States Utilities Company. In this action Guillory and Williams sought recovery against United Gas Corporation, claiming that the substance which caused the explosion was natural gas which that corporation had negligently permitted to leak from its lines and seep into the manhole. Travelers Insurance Company was compensation and employer's liability insurer for T. Miller & Sons and Gulf States Utilities Company, and it intervened to recover the workmen's compensation and medical expenses paid on account of the injuries to Williams and Guillory.

In its answer to the action of Guillory and Williams, United Gas Corporation denied that it was negligent and pleaded that Guillory and Williams were contributorily negligent. Those issues were submitted to the jury and found by the jury in favor of the plaintiffs and judgments entered thereon. No complaint is made on this appeal insofar as the recoveries by Williams and Guillory are concerned. The appeal is leveled against the intervenor, Travelers Insurance Company, and the third party defendants, T. Miller & Sons and Gulf States Utilities Company.

In answer to the intervention of the Travelers Insurance Company, the United Gas Corporation, in addition to its defenses directed to the actions of Guillory and Williams, pleaded in the alternative that, if damages were awarded to them, the intervenor should be barred from seeking reimbursement for the workmen's compensation and medical expenses paid on account of their injuries for the reason that the injuries to the employees were caused or contributed to by the negligence of their employer, T. Miller & Sons, and of Gulf States Utilities Company. By counterclaim against Travelers Insurance Company and third party complaint against T. Miller & Sons and Gulf States Utilities Company, indemnity was sought on the claim that the liability of United Gas Corporation was created by the primary negligence of the third party defendants. The District Court, after first ruling to the contrary some months theretofore, reversed its decision on the day of trial and dismissed the plea that Travelers Insurance Company should be barred from seeking reimbursement on account of the contributory negligence of those for whom it was insurer, and also dismissed the counterclaim filed against Travelers Insurance Company and the third party complaint filed against T. Miller & Sons and Gulf States Utilities Company. Those are the rulings complained of on this appeal.

Considering first the dismissal of the counterclaim filed against Travelers Insurance Company and the third party complaint filed against T. Miller & Sons and Gulf States Utilities Company, the intervenor and the third party defendants insist that the counterclaim and the third party complaint do not state a cause of action in indemnity for a number of reasons, including the following: (1) that United Gas Corporation's insistence throughout was that it was not responsible in any way for the injuries to the plaintiffs, but that their injuries were solely and proximately caused by the negligence of the third party defendants; (2) that the right to indemnity does not accrue until the indemnitee has suffered an actual loss and, hence, that United Gas Corporation has no right to claim indemnity until it has paid a final judgment against it; (3) that the facts alleged do not establish a right of in-

demnity under the law of Louisiana; and (4) that in Louisiana the exclusive remedy clause of the Workmen's Compensation Act is broad enough to grant immunity to the employer for all causes of action growing out of the accident regardless of the question of independent breach of duty. The grounds which we have numbered (1) and (2) are preliminary in nature, and have to be considered before it can be said that the right of United Gas Corporation to indemnity under the facts alleged is fairly presented for decision.

■ (1) It seems true that the counterclaim and the third party complaint never concede any responsibility of United Gas Corporation for the injuries to the plaintiffs. They do, however, allege that, prior to the commencement of construction of the underground conduit, United Gas Corporation furnished to Gulf States Utilities Company and T. Miller & Sons a map showing the location of all of its gas lines and particularly those on Broad Street; that it suggested that Gulf States Utilities Company purchase an explosive meter to be used in testing the air in manholes and underground enclosures before sending men therein to work; that Gulf States Utilities Company actually purchased such an explosive meter but never used it until after the occurrence of the explosion in which the plaintiffs were injured; that, if Gulf States Utilities Company and T. Miller & Sons had used ordinary safety precautions in testing the air in the manhole before sending Williams and Guillory therein, the accident would not have occurred; and, further, that, if any of the gas of United Gas Corporation entered the manhole, "which was denied", then it was brought about by the negligence of Gulf States Utilities Company and T. Miller & Sons in damaging the lines of United Gas Corporation during the excavation in Broad Street. There is a prayer that, if it should be determined that United Gas Corporation is liable to plaintiffs, "which is denied", then the United Gas Corporation is entitled to indemnity against Travelers Insurance Company as insurer and against Gulf States Utilities Company and T. Miller & Sons. The rule that cases in the federal court are generally to be tried on the proofs rather than the pleadings (DeLoach v. Crowley's, Inc., 5 Cir., 128 F.2d 378, 380; Des Isles v. Evans, 5 Cir., 200 F.2d 614, 616) applies in determining the sufficiency not only of an original claim but also of a counterclaim, cross-claim or third party claim, Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. We do not think the counterclaim and the third party complaint in this case should be held insufficient on the ground that they deny throughout responsibility of United Gas Corporation for the injuries to plaintiffs.

■ (2) It is true that the right to indemnity does not accrue until the indemnitee has suffered an actual loss. Restatement, Restitution, Sec. 77; Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539, 543. The appellant, however, relies upon the first part of the following quotation from Winford v. Bullock, 210 La. 301, 26 So.2d 822, 825, as indicating a contrary rule in Louisiana:

"If Winford, in his answer to the suit of the widow and guardian in the Federal Court, had prayed, in the alternative, for a judgment over and against Bullock in the event of a judgment being rendered against Winford —or if he had appealed from the verdict and judgment rendered against him in the Federal Court and had lost his appeal—his claim against Bullock · for reimbursement of the amount of the final judgment rendered against him, Winford, would be supported by the decisions in the following cases: Sutton v. Champagne, 141 La. 469, 75 So. 209; Appalachian Corporation, Inc., v. Brooklyn Cooperage Co., Inc., 151 La. 41, 91 So. 539; American Employers' Ins. Co. v. Gulf States Utilities Co., La.App., 4 So.2d 628; Fuller Co. v. Otis Elevator Co., 245 U.S. 489, 38 S.Ct. 180, 62 L.Ed. 422; 27 Am.Jur. 467–469, secs. 18 and 19. That doctrine, however, applies only where the party claiming reimbursement for the amount which he has paid by reason of the negligence or wrongful act of another was compelled by a final judgment to pay the damages for the neg-

ligence or wrongful act of the one for whose negligence the party who paid the judgment was answerable."

The appellees with equal confidence rely upon the last sentence of the foregoing quotation to establish their contention that a party claiming reimbursement must have actually paid the damages or suffered the loss. The apparent inconsistency between the two sentences may be solved by referring to the first case cited, Sutton v. Champagne, 141 La. 469, 75 So. 209, 210, 211. In that case the suit was against the parents of two fourteen year old boys, Charles Champagne and Leo Sill, for the death of the nine year old son of plaintiffs killed by a bullet from a .22 caliber Remington rifle. The rifle had been given to young Champagne by his father and the Court had no difficulty in finding the father liable. The gun went off just after the Champagne boy handed it to Leo Sill. On that phase of the case, the Louisiana Supreme Court said:

"We meet with more difficulty in solving the legal problem as to the liability vel non of the mother of young Sill. It seems illogical and hard that a mother should be liable in damages for the consequences of the act of somebody else in intrusting a dangerous instrument to her inexperienced child out of her presence and without her knowledge. At the same time the plaintiffs make out a case against her, under the hereinabove quoted codal provisions, when they show that, owing to the unskillful and careless handling of a rifle in the street by her boy, their child was killed. The solution of the problem must be that, while she is liable to the plaintiff, she has her recourse over against the person who by his act brought the responsibility upon her; and we shall so decide.

"In view of all the circumstances of the case, we fix the amount of the damages at $5,000.

"It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiffs David Sutton and Maria Sutton, have judgment against the defendants, Louis J. Champagne and Mrs. Maggie Sill, in solido, for the sum of $5,000 with legal interest thereon from the date of this judgment, and for the costs of this suit, and that, upon payment of this judgment, or of any part thereof, the said Mrs. Maggie Sill have judgment over against the said Louis J. Champagne for whatever amount is thus paid by her."

We can see no reason why a similar procedure should not be followed in the federal courts. We are directed to construe our rules of procedure "to secure the just, speedy, and inexpensive determination of every action", Rule 1, F.R.C.P. The court may enter a conditional judgment, In re Roney, 7 Cir., 139 F.2d 175, 177.

(3) We come then to the question of whether the facts alleged in the complaint establish a right of indemnity under the law of Louisiana. The sole basis for indemnifying the United Gas Corporation would be that it had been held liable to the plaintiffs, as in fact it has been by verdict and judgment in this case. That very holding, however, convicts the United Gas Corporation of a wrong on its own part. It is held liable under the pleadings in this case not for any wrongful conduct on the part of Gulf States Utilities Company and T. Miller & Sons, but for its own wrongful conduct. In Louisiana, indemnity is restricted to cases where the actual fault is attributed to one of the parties and the other is only technically or constructively at fault. It is never applicable where both parties are actually in the wrong. Appalachian Corporation v. Brooklyn Cooperage Company, supra, 91 So. at page 542, 91 So. 539; Winford v. Bullock, supra; American Employers' Insurance Co. v. Gulf States Utilities Company, La.App., 4 So.2d 628, 631, 632; Linkenhoger v. Owens, 5 Cir., 181 F.2d 97, 103, 104; Cf. Falgout v. Younger, La.App., 192 So. 706, 711. We conclude, therefore, that the facts alleged in the cross-claim and in the third party complaint do not establish a right of indemnity under the law of Louisiana, and, hence, that the District Court properly dismissed the cross-claim and the third party complaint. So holding,

it is not necessary that we pass on the question of whether the exclusive remedy clause of the Louisiana Workmen's Compensation Act is broad enough to grant immunity to the employer for all causes of action growing out of the accident.

Under the Louisiana Statute LSA–R.S. 23:1101–23:1103, an employer who has paid compensation may bring suit against a third person *tort feasor* "to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent". If the employee brings suit against the third person, the employer may intervene and the damages are apportioned in the judgment so that the claim of the employer for compensation actually paid takes precedence over that of the injured employee. The statute makes no provision for the third person *tort feasor* to plead in defense contributory negligence on the part of the employer.

The leading case relied upon by the appellant is Brown v. Southern R. Co., 204 N.C. 668, 169 S.E. 419. While that case held that, in an action against a third party *tort feasor* for the benefit of the employer or its insurance carrier paying compensation awarded for the employee's death, the employer's contributory negligence was a valid defense, it pointed out that the same question of law had been considered in a number of cases there cited and that, " * * * all of said decisions except the Minnesota and Illinois cases, supra [Thornton Bros. Co. v. Reese, 188 Minn. 5, 246 N.W. 527; Ryan Co. v. Sanitary Dist. of Chicago, 236 Ill.App. 511], deny the applicability of the defense of contributory negligence in suits by the employer or his carrier against a third party." 169 S.E. 420. See also, 58 Am.Jur., Workmen's Compensation, Sec. 359.

The question seems not to have been directly decided in Louisiana, though the Supreme Court of that State has decided a closely related question. In City of Shreveport v. Southwestern Gas & Electric Co., 145 La. 680, 82 So. 785, one of the City's employees was killed and the City paid compensation, took a conventional subrogation from the widow, and sued the Southwestern Gas & Electric Co. The Louisiana Workmen's Compensation Act, as it existed then (1919), did not give a right of action to the employer for compensation paid for the death of an employee. Of the claimed defense of contributory negligence on the part of the City, the Louisiana Supreme Court said, that the City was not suing in its own right but was simply enforcing the rights of the widow and children of the deceased.

■■ The statute now provides a kind of legal subrogation and that right is not made dependent on the non-negligence of the employer. Further in the case of an intervention in the employee's suit against the third person, as in the present case, it seems to us that the statute simply compels the employee to reimburse the employer out of the judgment recovered and that the *tort feasor* is in no position to complain as to the distribution of the proceeds of that judgment. See LSA–Rev.Statutes 23:1101; Cf. Standard Oil Company of Texas v. Swinney, 5 Cir., 201 F.2d 133. We conclude that the District Court did not err in dismissing the plea that Travelers Insurance Company should be barred from seeking reimbursement on account of the contributory negligence of those for whom it was insurer.

■ With considerable justice, the appellees, Guillory and Williams, who were the original plaintiffs, complain that they are being delayed in collecting their damages by controversies in which they are not interested. They insist that, insofar as they are concerned, the appeal was sued out merely for delay and that this Court should assess damages at a rate not exceeding 10% in addition to interest upon the amount of the judgment under Rule 30, Paragraph 2, of the Rules of the United States Court of Appeals for the Fifth Circuit. It may be that, if the judgments had been entered in accordance with Rule 54(b), Federal Rules of Civil Procedure, the appellant, United Gas Corporation, could have presented its questions on appeal against the intervenor and the third party defendants even after paying the amounts recovered by the plaintiffs, but it is difficult to see how that could have been done in the present.

state of the record. In addition, what has been heretofore quoted from Winford v. Bullock, supra, 26 So.2d at page 825, was enough to make the appellant reasonably apprehensive that, if it paid the judgments without appealing, it would lose any right to reimbursement. Despite the hardship suffered by the plaintiffs, we are convinced that this appeal has not been sued out merely for delay and that damages should not be awarded in addition to the interest which the judgment will bear.

In view of the fact that the appellant had served on the appellees its statement of points on appeal, including an insistence that the District Court erred in failing to grant a new trial, and of the further fact that one of the grounds for new trial was that there was no substantial evidence to sustain the verdict of the jury, we do not think that the intervenor and third party defendants should be taxed with the cost of printing the testimony as a part of the record. We find no reversible error in the record and the judgment is

Affirmed.