## FIDELITY & CASUALTY CO. OF NEW YORK v. FORNARO CO. et al.

### No. 9052.

Circuit Court of Appeals, Sixth Circuit.

Oct. 9, 1942.

H. Melvin Roberts, of Cleveland, Ohio (Howell, Roberts & Duncan, of Cleveland, Ohio, on the brief), for appellant.

C. M. Horn and H. Frank Van Lill, both of Cleveland, Ohio, for appellees.

Before HICKS, HAMILTON, and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

This is the second appearance of this case here. Upon the former appeal the court reversed judgments which sustained demurrers to the petitions and remanded the causes for trial. See Fidelity & Cas. Co. of New York v. Fornaro Co., 6 Cir., 99 F.2d 681. The trial resulted in verdicts and judgment for appellees. This appeal is based solely upon an alleged erroneous instruction.

Silsby Road, a public street, twenty-four to twenty-six feet wide, in Cleveland Heights, Ohio, runs in an easterly and westerly direction and is intersected by Taylor Road, twenty-eight feet wide, extending in a northerly and southerly direction.

On December 23, 1932, about 1 A. M., Henry Hopwood, appellant's insured, accompanied by Ralph Morris and Katherine Foster, was driving an automobile east on Silsby Road approaching Taylor Road. At about the center of the intersection the Hopwood car collided with an automobile driven by Osmond Loucks in a northerly direction on Taylor Road.

Loucks brought suit against Hopwood which resulted in a judgment later satisfied by appellant, who brought the present suit based upon the claim that Hopwood's negligence was only the secondary cause of the accident, and that certain wrongful acts of appellees had involved Hopwood in liability; that it, as the insurer, was entitled by subrogation to enforce Hopwood's claim against appellees.

At 3:30 P. M. after the completion of the court's charge the jury retired to consider its verdict. The court adjourned at 4:30 P. M. until the next day at 10 A. M. Thereupon the court addressed the jury as follows:

"In the court's instructions to the jury yesterday the court said that the law of the state obligated a driver of an automobile to maintain proper lights. A request was made to instruct the jury as to the specific provision of the statute with reference to lights. That was not done, and counsel on both sides of the case have agreed that the court shall give you that instruction now.

"Section 6310-1 of the General Code of Ohio provides:

" 'The forward lights which a motor vehicle, except commercial vehicles * * *, is required to display, shall, when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle, or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least 200 feet.'

"The violation of this law, as the violation of any law applicable to the circumstances, is, as the court charged you yesterday, negligence.

"If you find, by a preponderance of the evidence, that Hopwood was negligent in this particular, you will then have to apply the instructions given you yesterday as to whether or not such negligence was the proximate cause of the collision, and whether or not it was primary or secondary."

This instruction is complained of (1) because it did not conform to the statute upon which it was predicated; and (2) because the pleadings and the evidence did not justify the instruction. The above matter quoted from Sec. 6310-1 of the General Code of Ohio is an excerpt from a full paragraph of the section. The full paragraph reads as follows:

"Whenever there is not sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons, or substantial objects clearly visible within a distance of at least two hundred feet, the forward lights which a motor vehicle, except commercial vehicles, as hereinafter provided, is required to display, shall, when the motor vehicle is in motion, throw sufficient light ahead to show any person, vehicle, or substantial object upon the roadway straight ahead of the motor vehicle for a distance of at least two hundred feet."

It is manifest that the excerpt was misleading. When the full paragraph is read it becomes clear that there is no requirement that the provision touching forward lights should be observed under any and all circumstances. Its observance is not required if there is sufficient light within the traveled portions of the highway to make all vehicles, persons or substantial objects clearly visible within a distance of at least two hundred feet.

It is undisputed that there was an arc light at the intersection and we think that the failure to instruct the jury that the presence of this light should be taken into consideration in determining whether the statute was violated was harmful.

Further, in view of certain evidence, we think it was prejudicial error to submit the question of whether a violation of the statute was the proximate cause of the collision. It is uncontroverted that the Loucks car was never on the roadway straight ahead of the Hopwood car at any time, and we think that a faithful observance of the statute could not have prevented the collision. The statute, if applicable at all, required only that the lights of the Hopwood car should show a vehicle upon the roadway straight ahead. The Loucks car, moving northwardly at about fifteen miles an hour, came out of Taylor Road and then, running about fourteen feet, "in a split second" struck the Hopwood car with great violence, at its front door, and propelled it to the northeast corner of the intersection. The Loucks car was turned completely around. The statute did not require the Hopwood car to light Taylor Road.

Furthermore, we think that the instruction was not justified by the pleadings. The gist of the action, as set forth in the

petition, was that appellee, the City of Cleveland, had permitted appellee, The Fornaro Company, to erect and maintain a toolhouse on the right side of Silsby Road in a manner which obstructed Hopwood's view and prevented his observance of a "Stop" sign intended as a warning to automobile drivers approaching Taylor Road. The defense was, that Hopwood, himself, caused the collision by failing to observe an ordinance of the city requiring him to yield the right of way to Loucks as he approached from the right. It was neither asserted in the pleadings nor advanced in the evidence that the collision occurred because Hopwood had violated that portion of Sec. 6310-1 of the General Code of Ohio above quoted. The instruction complained of was first suggested by counsel for appellee, The Fornaro Company, at the close of the charge. Thus, in the closing moments of the trial, a new issue was injected, which in fairness to appellant, required not only the reformation of the pleadings, but a resubmission of the evidence. We have no doubt that, if the point had been timely presented, an error, which we think was inadvertently made, yet which was substantial, would have been avoided.

▮ It is urged that the instruction, even if erroneous, was harmless because there was sufficient evidence upon the issues joined in the pleadings to support the verdict of the jury. We cannot agree. The instruction was presumptively injurious. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853. So far as we are able to determine, it does not affirmatively appear that the instruction did not produce or materially contribute to the general verdict.

The case is reversed and remanded for a new trial.

MARTIN, Circuit Judge (dissenting).

In my view, the judgment of the district court on the verdict of the jury, finding for the defendants, should be affirmed.

In my opinion, the jury was fully justified, not only by substantial evidence but by a preponderance of evidence, in finding that the negligence of Hopwood, appellant's assured, was the primary negligence which proximately caused the accident for which he had been held, in the original state court action, liable in damages to Loucks.

To maintain the instant action against appellees, the Fornaro Company and the City of Cleveland, the burden rested upon appellant insurer to show by a preponderance of evidence that the appellees were guilty of primary and Hopwood of only secondary negligence. In my judgment, appellant failed to carry this burden.

The majority of the court has found error in the supplemental instruction concerning Sec. 6310-1 of the General Code of Ohio, because, it is said, (1) the instruction did not conform to the statute, and (2) the pleadings and the evidence did not justify the instruction. I cannot concur in either criticism, but think that the district judge charged the jury clearly, succinctly and correctly.

It would seem that the majority of the court has misconceived the extent of the defensive pleading of the appellee, Fornaro Company, in Paragraph 12 of its amended separate answer, which incorporates by reference the record of the proceedings and the transcript of testimony in the original action. The answer was thus made broad enough to cover the defense of any illegal operation of his automobile by Hopwood.

Under such comprehensive pleading, the appellees were entitled to the barricade of the violation by appellant's insured of any statute of the State of Ohio, embracing, of course, the statute in controversy—Sec. 6310-1 of the General Code. Confronted with a sweeping defensive pleading, appellant failed to avail itself of its right to exact a more definite statement or a bill of particulars, as it should have done were the averments of the answer deemed insufficiently definite or particular to enable it properly to prepare responsive pleadings, or to prepare for trial. Civil Procedure Rule 12(e), 28 U.S.C.A. following section 723c.

I am unable to see error in the abbreviation of Sec. 6310-1 in the district court's instruction by omission of the qualifying language of the statute, "Whenever there is not sufficient light within the limits of the traveled portion of the highway to make all vehicles, persons, or substantial objects clearly visible within a distance of at least two hundred feet, * * *." The inclusion of this qualifying language of the statute in the court's instruction would have been mere surplusage, for the reason that the whole proof, without contradiction, revealed a fact situation for the applicability of the statute. Hopwood, himself, testified that "the ordinary street light" at the in-

tersection was "not a bright light"; and that when the snow was not being blown, his headlights would light up a distance of only 100 to 150 feet, which was cut down considerably when snow was being blown. The young lady who was riding in the car with Hopwood testified that the headlights of the automobile lighted up the roadway ahead some fifteen or twenty feet.

Nowhere in the record do I find any evidence supporting an inference that the light at the intersection or on the highway where the accident occurred would make all vehicles, persons, or substantial objects clearly visible within a distance of at least two hundred feet. Therefore, the omission from the instruction of the qualifying language of the statute was, in my judgment, not erroneous.