A motion to strike the complaint on the ground that the court lacked jurisdiction of the subject matter was made by the defendants in the Law Division of *Page 169 
the Superior Court, Hudson County. This appeal is from the order denying the motion. The sole question for decision is whether our State court has jurisdiction over the subject matter of this maritime tort suit.
The allegations of the complaint are the usual allegations setting forth a cause of action for damages for personal injuries sustained in a collision resulting from the negligence of the defendants. The collision was between a seaplane operating on a tidewater stream in Bergen County and a rowboat anchored thereon. The proceeding was in personam against the defendants and was not a proceeding in rem nor a proceeding by an employee against an employer.
The jurisdiction of the Federal courts over this cause of action is admitted. The question is whether the Federal jurisdiction is exclusive or whether our State court has concurrent jurisdiction under the saving clause of the applicable Congressional acts.
The suit was commenced on August 4, 1941, at which time the applicable provisions of the acts of Congress were as follows:
"The district courts shall have original jurisdiction as follows: * * * (3) Admiralty causes, seizures and prizes. Third. Of all civil causes of admiralty and maritime jurisdiction,saving to suitors in all cases the right of a common-law remedywhere the common law is competent to give it, * * *." (28 U.S.C.A. 41.) (Italics ours.)
"The jurisdiction vested in the courts of the United States in the cases and proceedings hereinafter mentioned, shall be exclusive of the courts of the several States: * * *
"Third. Of all civil causes of admiralty and maritime jurisdiction, saving to suitors in all cases the right of acommon-law remedy where the common law is competent to give it * * *." (28 U.S.C.A. 371.) (Italics ours.)
The saving clause italicized above came down without change from the Judiciary Act of 1789.
That this action for damages for personal injuries resulting from negligence is a common-law remedy and available in this State, unless barred by constitution or statute, is not open to question. Defendants urge that the statutory *Page 170 
provisions quoted above constitute a bar, because they give exclusive jurisdiction over maritime tort actions to the Federal courts in admiralty.
In Schoonmaker et al. v. Gilmore, 102 U.S. 118,26 L.Ed. 95 (1880), the jurisdiction of the state court of Pennsylvania over a suit in personam, growing out of a collision between vessels while navigating the Ohio River, was questioned on the ground that the Federal courts, as courts of admiralty, had exclusive jurisdiction. The United States Supreme Court, in sustaining the jurisdiction of the state court over the subject matter, stated:
"The Judiciary Act of 1789, 1 Stat. at L., 73, sec. 9, reproduced in sec. 563, R.S. par. 8, which confers admiralty jurisdiction on the Courts of the United States, expressly saves to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it. That there always has been a remedy at common law for damages by collision at sea, cannot be denied."
The jurisdiction of a state court, under the saving clause, over a maritime tort action by an injured party against defendants other than his employer was considered in Caldarolav. Eckert, 332 U.S. 155, 91 L.Ed. 1968 (1947). The court said:
"No doubt petitioner could have sued the United States in Admiralty. * * * He chose not to do so. Presumably to obtain the benefit of trial by jury, he asked for relief from New York. There is no question that the injury of which Caldarola complains is a maritime tort. As such it is suable in the State courts by virtue of § 9 of the Judiciary Act of [September 24] 1789 which saves `to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.'"
Baldwin v. Linde-Griffith Construction Co., 115 N.J.L. 608
(E. A. 1935), is the only New Jersey case cited to us which involved a common-law action for tort between parties not in an employer-employee relationship and in which the court considered the question of the jurisdiction of our State court over a maritime tort. In this case Chief Justice Brogan said: *Page 171 
"Where the remedy sought is in personam and not in rem,
even though the injury occurred in navigable waters, jurisdiction of the federal court is not exclusive. A grant by congress of admiralty jurisdiction to the federal court does not pre-empt the common law court of jurisdiction when it is competent to afford a remedy, as a reading of the Judiciary act of 1789 will disclose."
The extent of the concurrent jurisdiction of the state courts under the saving clause is set forth by Benedict in his Treatiseon Admiralty (6th Ed. 1940, §§ 21, 22):
"The Judiciary Act, which in 1789 established the United States courts and defined their jurisdiction, is a contemporaneous construction of the Constitution and confirmed the existing right of the common-law courts by providing that the United States District Courts should have `exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction,' etc., `saving to suitors, in all cases, the right of a common law remedy, where the common law is competent to give it.' * * * The saving of common law remedies, however, has not been allowed to permit the saving of remedies unknown to the common law, such as workmen's compensation remedies. * * * The common law remedy saved to suitors is the right to proceed in personam against the defendant, which remedy the common law is competent to give. Therefore a direct suit against the ship owner, e.g., to recover seamen's wages or damages for collision or for breach of charter or other personal demand, where jurisdiction of the person of the defendant can be secured, may be brought either in admiralty or at common law, the two courts having in this respect concurrent jurisdiction. * * * Actions for bodily injury and death are frequently brought on the common law side by seamen, passengers and others, whenever the common law jurisdictional requirements can be satisfied, for the purpose of obtaining a jury trial * * *."
In every case cited by the defendants, in which it was determined that the Federal courts had exclusive jurisdiction over the subject matter of the cause of action, the suit was against the employer for injuries sustained by the employee and the decision turned on the effect of a statute, either State or Federal, governing rights as between employee and employer. Typical is Davey v. Delaware, L. W.R. Co., 105 N.J.L. 178
(E. A. 1928).
We conclude that the Superior Court has jurisdiction over the subject matter of this maritime tort suit. The order under appeal is affirmed. *Page 172