## NEW YORK CENT. R. CO. v. RODER-MOND INDUSTRIES, Inc.

Civ. A. No. 100–53.

United States District Court
D. New Jersey.

June 18, 1953.

O'Mara, Schumann, Davis & Lynch, by Gerald F. O'Mara, Jersey City, N. J., for plaintiff, James A. Hession, Jersey City, N. J., of counsel.

Macklin, Speer, Hanan & McKernan, New York City, for defendant, Martin J. McHugh, New York City, of counsel.

MEANEY, District Judge.

Plaintiff sued defendant in the Law Division of the Hudson County, New Jersey, court for alleged damages resulting from destruction of its ferry boat which was undergoing repairs in defendant's yard. Defendant removed to the United States District Court and plaintiff, contesting the removal jurisdiction of this court, has moved to remand.

Defendant opposes the motion essentially on the grounds that the facts of the case bring it within the maritime jurisdiction of the court, that therefore a federal question within 28 U.S.C.A., § 1441(b) is involved, a proper subject of removal. Plaintiff has moved to remand on the grounds that no substantial federal question is involved and that state law is fully dispositive of the issue.

The essential issue to be resolved is whether or not a question involving the "laws of the United States" is before this court so as to sustain its removal jurisdiction. The point is well settled that the mere existence of a federal question is not proof that federal law is the basis of the suit. The federal question must be an essential element of the plaintiff's cause of action to sustain jurisdiction. Gully v. First Nat. Bank, 1936, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Armstrong v. Alliance Trust Co., 5 Cir., 1942, 126 F.2d 164. "* * * not every question of federal law lurking in the background or emerging necessarily

places the suit in the class of one arising under the laws of the United States, within the meaning of the statute." Andersen v. Bingham & G. Ry. Co., 10 Cir., 1948, 169 F.2d 328, 329; Gully v. First Nat. Bank, supra.

■ No argument has been made that this court would not have had original jurisdiction over this action. Only the right to removal is in issue. 28 U.S.C.A., § 1333, grants original jurisdiction to the district courts in marine matters "saving to suitors in all cases all other remedies to which they are otherwise entitled." If this "saving to suitors" clause is to be meaningful, plaintiff should be allowed to proceed in the court of its choice where coordinate jurisdiction exists, since "In analyzing the allegations of the complaint a fundamental not to be ignored is that the party bringing the suit is master to decide what law he will rely on." John Hancock Mutual Life Ins. Co. v. United Office & Professional Workers, D.C.N.J.1950, 93 F.Supp. 296, 304.

"It is within the power of Congress at any time to give the courts of admiralty exclusive jurisdiction over all matters of controversy arising upon navigable waters; but, so long as concurrent common-law remedies are saved, it is essential, in order to avoid undue friction between these two ancient and formerly conflicting jurisdictions, and to obtain a speedy, economical and harmonious administration of justice, that in matters of concurrent jurisdiction that court which first takes cognizance should proceed without interference to a finality. Such a course rests not alone on comity, but on necessity. Covell v. Heyman, 111 U.S. 176, 182, 4 S.Ct. 355, 28 L.Ed. 390." Berton v. Tietjen & Lang Dry Dock Co., D.C.N.J.1915, 219 F. 763, 770.[1]

■ "The 'frame of reference' on a motion to remand a case to the state court, is contained within the four corners of the complaint, unaided by the answer or petition for removal." John Hancock Mutual Life Ins. Co. v. United Office & Professional Workers, supra, 93 F.Supp. at page 301, and cases there cited. To the complaint, then, the court directs its attention to seek the nature of the remedy sought by plaintiff.

■ Examination of the complaint reveals that plaintiff simply seeks damages for the loss of its ferry boat. Though admiralty law may set out the duties of persons undertaking the repair of a vessel and correlative rights upon persons who may be aggrieved thereby—cf. The Robert W. Parsons, 1903, 191 U.S. 17, 24 S.Ct. 8, 48 L.Ed. 73—the complaint does not indicate that the plaintiff relies on it, or for that matter, on any federal statute or regulation for recovery. The particular right of action that is here involved was created by and enforceable under the laws of the State of New Jersey, and that law is fully determinative of both the rights of the plaintiff and the liability of the defendant. See Boncek v. Pennsylvania R. Co., D.C.N.J. 1952, 105 F.Supp. 700.

In sum, though maritime law "lurk in the background", federal and state jurisdiction may be concurrent under the "saving to suitors" clause of § 1333. Under the cause of action pleaded in this complaint, plaintiff may obtain complete relief in the courts of the State and those courts are fully competent to provide such relief under these circumstances. Plaintiff has chosen them as a medium of recovery, and, resolving all doubts in favor of remand, John Hancock Mutual Life Ins. Co. v. United Office & Professional Workers, supra, 93 F.Supp. at page 302, and cases there cited, under the saving clause of § 1333, it is entitled to do so. Bono v. Mellor, 1949, 5 N.J.Super. 167, 68 A.2d 558.

Let an order be submitted in conformity with this opinion.

---

1. The old "saving to suitors" clause in sections 41(3) and 371(3) of 28 U.S.C.A. (1940 ed.) read "saving to suitors in all cases the right of a common-law remedy where the common law is competent to give it". According to the Reviser's Notes to § 1333 of Title 28 U.S.C.A., the substituted language is merely simpler and more expressive of the original intent of Congress and is in conformity with rule 2 of the Federal Rules of Civil Procedure, 28 U.S.C.A., abolishing the distinction between law and equity.