ANNIE GREEN, PETITIONER-APPELLANT, v. SIMPSON & BROWN CONSTRUCTION COMPANY, DEFENDANT-RESPONDENT.

Argued November 16, 1953—Decided December 14, 1953.

Mr. *Mortimer Wald* argued the cause for the appellant.

Mr. *Frank Fink* argued the cause for the respondent (*Mr. James J. Carroll*, attorney).

The opinion of the court was delivered by

OLIPHANT, J. This is a workmen's compensation case in which the petitioner is the alleged common-law wife of the deceased.

Respondent was the owner of a dredge having its own motive power which was tied up at a dock of the Sun Oil Company on the Passaic River in Newark. The Passaic River is a navigable stream. At the time of the decedent's disappearance he was the dredge watchman whose duties included "getting the boilers going, getting steam up or banking the fires and keeping the pressure alive, and things of that nature" and "getting rid of the bilge."

On January 27, 1951 and for three days thereafter it was slippery, icy and snowing. On the morning of that day about 9:15 A. M. the decedent entered the main gate of the Sun Oil Company on his way to work on the dredge where he was to remain for an unbroken period of three days. The gate was under the supervision of guards over a 24-hour period and all employees of the Sun Oil Company were supposed to enter and leave at this gate and the times thereof were checked. While the decedent was not an employee of the Sun Oil Company he "checked in and proceeded down toward the dock where he worked." He was not seen alive thereafter. On May 12, 1951, his body was found in the Passaic River. The death certificate gave the cause of death as drowning.

The petition was dismissed in the Division of Workmen's Compensation and that judgment was reversed on appeal to the Essex County Court. 24 *N. J. Super.* 422. On further appeal the Appellate Division reversed the judgment of the County Court and reinstated that of the Division. 26 *N. J. Super.* 306. On petition we certified. 13 *N. J.* 292.

We will consider the jurisdictional question raised later and will first proceed to determine the question of whether or not the fatality arose "out of" and "in the course of" decedent's employment.

Green was not an employee of the Sun Oil Company and his checking in at the gate of their premises has no particular

significance. His work did not begin until he reached the dredge, at best the dock at which it was moored. The only proof in the case is his entry through the gate, his proceeding toward the dock and the finding of the body in the river nearly four months later. There is no proof whatever of the time, place or circumstances of the death.

The plaintiff has the duty of presenting evidence "tantamount to legal proof" supporting the allegations of the petition. That proof may be direct, circumstantial or presumptive, *Nardone v. Public Service Elec. & Gas Co.*, 113 *N. J. L.* 540 *(Sup. Ct.* 1934), and probability, not the ultimate degree of certainty, is the test. *Jochim v. Montrose Chemical Co.*, 3 *N. J.* 5 (1949). In a case such as this the petitioner must show that the death arose "out of" and "in the course of the employment" by a preponderance of the evidence in favor of the tendered hypothesis, *Gilbert v. Gilbert Machine Works, Inc.*, 122 *N. J. L.* 533 *(Sup. Ct.* 1939); *Ames v. Sheffield Farms Co.*, 1 *N. J.* 11 (1948); *Russo v. Wright Aeronautical Corp., Ibid.* 417 (1949); *Jochim v. Montrose Chemical Co., supra,* and this she did not do. To conclude in her favor we would be compelled to indulge in guessing, speculation and conjecture. A court cannot spell out a compensable accident when there is neither direct nor circumstantial evidence as to the occurrence. *Johnson v. Ulster Iron Works*, 9 *N. J. Misc.* 239 *(Sup. Ct.* 1931), affirmed 109 *N. J. L.* 267 *(E. & A.* 1932); *Ligenza v. White Foundry Co., Inc.*, 136 *N. J. L.* 436 *(Sup. Ct.* 1948), affirmed 137 *N. J. L.* 610 *(E. & A.* 1948).

The cases of *Macko v. Herbert Hinchman & Son*, 24 *N. J. Super.* 304 *(App. Div.* 1953), and *Jochim v. Montrose Chemical Co., supra,* are not authorities for an award here. In each of those cases the inferences from the facts adduced led to a more probable hypothesis, and it could be properly concluded therefrom, that the deaths there involved arose "out of" and "in the course of the employment."

While the foregoing conclusions effectually dispose of the case we deem it advisable to answer the jurisdictional ques-

tion posed as it was dealt with below, is made a point of in the briefs and was argued before us.

The Appellate Division held that the Workmen's Compensation Division had jurisdiction because the case fell within the "twilight zone" doctrine formulated and enunciated in *Davis v. Department of Labor*, 317 *U. S.* 249, 63 *Sup. Ct.* 225, 87 *L. Ed.* 246 (1943), and applied by this court in *Allisot v. Federal Shipbuilding & Drydock Co.*, 4 *N. J.* 445 (1950), to avoid the uncertainty then existing in areas where state and federal statutes might overlap. In this latter case the opinion traced the evolution of that doctrine. The jurisdiction of admiralty as to injuries is determined by the locality of the act, and in *Southern Pacific Co. v. Jensen*, 244 *U. S.* 205, 37 *Sup. Ct.* 524, 61 *L. Ed.* 1086 (1917), it was held that stevedoring is maritime in nature and that state legislation providing compensation to longshoremen injured in their work was contrary to the provisions of the Federal Constitution. In *State Industrial Comm. v. Nordenholt Corp.*, 259 *U. S.* 263, 42 *Sup. Ct.* 473, 66 *L. Ed.* 933 (1922), it was held that when a longshoreman was injured on land, although engaged in loading a vessel the local law governed. Again, in *International Stevedoring Co. v. Haverty*, 272 *U. S.* 50, 47 *Sup. Ct.* 19, 71 *L. Ed.* 157 (1926), the Supreme Court held that a longshoreman at work in the hold of a vessel in dock in navigable waters was a seaman in intentment of the Merchant Marine Act, 46 *U. S. C. A.*, § 688. As a result of these and other decisions the Longshoremen's and Harbor Workers Compensation Act was adopted. 44 *Stat.* 1424, *c.* 509, 33 *U. S. C. A.*, § 901 *et seq.* (1927).

The most recent pronouncement of the United States Supreme Court dealing with the question of the jurisdiction of the federal courts over cases involving injuries to employees occurring on navigable waters is the case of *Pennsylvania R. Co. v. O'Rourke*, 344 *U. S.* 334, 73 *Sup. Ct.* 302, 97 *L. Ed.* 367 (1953).

O'Rourke was a freight brakeman whose duties included work on car floats that moved freight and passenger cars

from and to the railroad yards in Jersey City. On the night of his accident he climbed up on a car to release the hand brakes so it could be pulled off the float, fell and was injured. It will be observed that his duties were far less of a maritime nature, if he had any such, than those of Green in the instant case. While the question in the O'Rourke case was the applicability of the Federal Employers' Liability Act, 45 *U. S. C. A.*, § 51 *et seq.*, or the Longshoremen's and Harbor Workers' Compensation Act, the court flatly held that a state has no power to enact statutes granting workmen's compensation for injuries sustained on navigable waters. It held the Circuit Court of Appeals for the Second Circuit, 194 *F. 2d* 612, was in error in holding that the statute requires, as to the employee, both injury on navigable waters and maritime employment, and said:

"If, then, the accident occurs on navigable waters, the Act must apply if the injured longshoreman was there in furtherance of his employer's business, irrespective of whether he himself can be labeled 'maritime.'" [344 *U. S.* 334, 73 *S. Ct.* 306.]

■ Even if we were to assume that Green suffered an accident in the course of his employment which resulted in his death, that accident was as likely to have occurred while he was on the dredge as on land, or more so, and if so the courts of this state had no jurisdiction. If the accident occurred while pursuing his duties on the dock—but there is no proof of any such duties—there would be jurisdiction in the state courts.

Judgment affirmed, no costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices OLIPHANT, WACHENFELD and BURLING—4.

*For reversal*—Justices HEHER, JACOBS and BRENNAN—3.