54 N.J. Super. 296 (1959)
148 A.2d 743
ROMAN FRUEH, PLAINTIFF,
v.
THEODORE KUPPER, DEFENDANT AND THIRD PARTY PLAINTIFF,
v.
WALTER FRUEH, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided February 13, 1959.
Supplemental Opinion March 2, 1959.
*298 Mr. Morris Pajonk (Mr. Arthur C. Gundersdorf appearing), attorney for plaintiff.
Mr. Fred W. Jung, Jr. (Mr. Robert E. Monaghan appearing), attorney for defendant.
Messrs. Emory, Langan, Lamb & Blake (Mr. H. Curtis Meanor appearing), attorneys for third-party defendant.
SCHNEIDER, J.C.C. (temporarily assigned).
The third-party defendant brings a motion to dismiss the third-party *299 joint tortfeasor's suit and for summary judgment in his favor.
Plaintiff instituted a suit against defendant, contending that on August 30, 1956 defendant negligently operated his motor boat along the westerly shore of Normandy Beach in Barnegat Bay, New Jersey, and struck plaintiff with the boat. Plaintiff was standing in the water at the time and defendant was towing his daughter who was on water skis. Plaintiff had previously been towed by another boat, operated by his brother, and had also been on water skis. He had fallen off the skis and was awaiting his brother to pick him up.
Defendant instituted a third-party suit against plaintiff's brother under the Joint Tortfeasors Act, contending negligence on the part of the operator of the other boat. This third-party defendant contends in his answer and in the pretrial order that the waters of Barnegat Bay are navigable waters of the United States and that jurisdiction in this case is either in the federal court or at least is governed by federal law and not state law. He contends that the New Jersey Tortfeasors Contribution Act does not apply and that the federal Maritime Law contains a specific prohibition against the allowance of contribution in case of maritime torts where collision of two vehicles is not involved.
The third-party defendant motion for summary judgment is based on the above grounds.
At the hearing the parties agreed that the waters of Barnegat Bay were navigable waters but suit was properly brought in the state court under service in personam.
The first question to be decided is whether the case is to be tried under state law or under federal law with its doctrine of comparative negligence, etc. If the case may be tried under state law, the motion herein would fail because the New Jersey Joint Tortfeasors Act would apply.
If it were determined that the federal law applied, the next question to be decided would be whether a right to equal contribution exists in a case of this kind under federal law. If this existed as a matter of substantive law, then the use of the New Jersey Joint Tortfeasors Act would be *300 the method used to carry out this substantive right and the motion would fail.
If, however, the case must be tried under federal law and there is no substantive right of contribution under the federal law, then the Joint Tortfeasor Act of New Jersey would not apply and the motion should be granted.
1. We must first determine whether the case should be tried in the state court under federal or state law. The federal court has jurisdiction over maritime cases under the admiralty law. This suit could have been instituted in the federal court and determined under federal law. The accident occurred in navigable waters. Under 28 U.S.C.A. § 1333, it is provided that
"The district courts shall have original jurisdiction exclusive of the courts of the States, of:
(1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." (Italics mine.)
This section, termed the "saving clause," originally read, "saving to suitors in all cases the right of a common law remedy where the common law is competent to give it."
All sides agree that under this saving clause the suit could be instituted in the state court. See Bono v. Mellor, 5 N.J. Super. 167 (App. Div. 1949) certification denied 4 N.J. 73 (1950).
The parties do not agree that the saving clause requires the case to be tried under federal law. The third-party defendant construes the word "remedy" to mean only the procedure but not the substantive law. Defendant instituting the third-party suit contends that "remedy" means only procedure but not substantive law.
There is no question but that a case tried in the federal court upon diversity of citizenship, for an event occurring in a state for which the suit would normally be in the state court except for diversity of citizenship, must be decided on state substantive law and must be so charged in the federal court. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
*301 The reverse is similar. Where a suit may be brought in a state court for a matter under the federal law, the federal law will apply and be charged in a state court. The saving clause in the admiralty statute does not give to the state court the right to try the case under state law. It is only a procedure permitted but does not change the substantive law. Thus the state court would be required to charge federal substantive law, including comparative negligence. Chelintis v. Luckenbach S.S. Co., 247 U.S. 372, 38 S.Ct. 501, 62 L.Ed. 1171 (1918); Pope and Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953); McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 107 N.E.2d 463 (Ct. App. 1952). This court, applying the substantive doctrines of maritime law, has jurisdiction to determine a maritime cause of action in personam, 28 U.S.C.A. § 1333. Madruga v. Superior Court of California, 346 U.S. 556, 74 S.Ct. 298, 98 L.Ed. 290 (1954); Farrell Lines v. Devlin, 211 Md. 404, 127 A.2d 640 (Ct. App. 1956).
The parties agree that under the facts of this case an admiralty question is presented. The state substantive law cannot apply. In United States v. Matson Nav. Co., 201 F.2d 610 (9 Cir. 1953), at page 613, the court stated that an essential to the jurisdiction of the admiralty over a tort is that it was committed in relation to navigable waters. This case held the Admiralty Extension Act (46 U.S.C.A. 740) constitutional, holding that the admiralty and maritime jurisdiction of the United States should extend to and include all cases of damage or injury to person or property caused by a vessel on navigable water, notwithstanding that such damage be done or consummated on land.
In Green v. Simpson & Brown Const. Co., 14 N.J. 66 (1953), our Supreme Court recognized that state law is ineffective to create rights of action for personal injuries incurred while upon navigable waters. See also Dean v. Chesapeake Bay Ferry District, 158 F. Supp. 408 (E.D. Va. 1958); Isaacson v. Jones, 216 F.2d 599 (9 Cir. 1954) *302 involving same kind of accident as in our case but instituted in the federal court.
In Pope and Talbot v. Hawn, supra, a suit was instituted in the federal court by a carpenter working on a ship berthed in the Delaware River. The court found the defendant guilty of contributory negligence and applied the doctrine of comparative negligence. There was a contention made that the Pennsylvania law of contributory negligence should be applied since the injury occurred within Pennsylvania territorial waters and recovery should be barred. The court refused to apply the state law because admiralty law applied:
"The basis of Hawn's action is a maritime tort, a type of action which the Constitution has placed under national power to control in `its substantive as well as its procedural features' * * *. Even if Hawn were seeking to enforce a state created remedy for this right, federal maritime law would be controlling."
In Moore-McCormack Lines, Inc., v. Amirault, 202 F.2d 893 (1 Cir. 1953), the court would not apply Massachusetts state law under Erie R.R. Co. v. Tompkins, supra: "It is well settled that by force of the Constitution itself, when a common law action is brought, whether in a state or in a federal court, to enforce a cause of action cognizable in admiralty, the substantive law to be applied is the same as would be applied in an admiralty court. * * * But whether such diversity existed or not [suit was brought in federal court on diversity of citizenship], it is still true that the substantive law to be applied in determining both liability and the amount of damages to be embodied in the money judgment is federal law, not state law."
In Roth v. Cox, 210 F.2d 76 (5 Cir. 1954), affirmed 348 U.S. 207, 75 S.Ct. 242, 99 L.Ed. 260 (1955), the court said that the saving clause does not create substantive rights nor assents to their creation by the state. It refers only to remedies, and to that extent specified permits continued enforcement by the state courts on rights and obligations founded on maritime law. See Chelentis v. Luckenbach S.S. Co., supra; Knickerbocker Ice Co. v. Stewart, *303 253 U.S. 149, 40 S.Ct. 438, 64 L.Ed. 834 (1919); Farrell Lines v. Devlin, 211 Md. 404, 127 A.2d 640 (Md. Ct. App. 1956); Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Testa v. Katt, 330 U.S. 386, 67 S.Ct. 810, 91 L.Ed. 967 (1947) (Supremacy Clause, U.S. Const., Art. VI, cl. 2, prohibits state courts from applying local law and must enforce federal law).
It would therefore appear that the suit started in the state court shall be governed by federal admiralty law.
2. This brings up the next question as to whether or not the federal law gives a right of contribution from a joint tortfeasor. It also brings in the question whether the Joint Tortfeasors Act of New Jersey may be used to enforce such a right of contribution, if it exists under federal practice.
Under Admiralty Rule 56 (28 U.S.C.A.) it is provided that
"In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable, either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."
This is very similar to our own statute N.J.S. 2A:53A-1. In Judson v. Peoples Bank and Trust Co. of Westfield, 17 N.J. 67, at page 92 (1954), the court said that the basic purpose of the statute is to achieve a sharing of the common responsibility according to equity and natural justice. This allows actions among joint tortfeasors to assure that no person pays in excess of his pro rata share of the total damage.
In Spaulding v. Parry Navigation Co., Inc., 90 F. Supp. 564 (D.C.S.D.N.Y. 1950), action was brought for injuries sustained while descending a ship's ladder. The defendant joined the shipyard owning and controlling the ladder, for contribution and indemnity in the federal court. Here the court stated that the law of the state where the injury occurred determines the right of contribution, quoting *304 Bohn v. American Export Lines, 42 F. Supp. 228 (D.C.S.D.N.Y. 1941); Kravas v. Great Atlantic & Pacific Tea Co., 28 F. Supp. 66 (D.C.W.D. Pa. 1939); Brown v. Cranston, 132 F.2d 631, 148 A.L.R. 1178 (2 Cir. 1942); Friend v. Middle Atlantic Transportation Co., 153 F.2d 778 (2 Cir. 1945). The court stated that the right to contribution among tortfeasors has existed since 1875 in the admiralty law and is considered to be a substantive right.
Aktieselskabet Fido v. Lloyd Brazilero, 267 F. 733 (D.C.S.D.N.Y. 1919) affirmed 283 F. 62 (2 Cir. 1922) referred to Admiralty Rule 56 saying that the rule is to allow the respondent to bring in a party jointly liable. See also Cargill, Inc. v. Compagnie Generale Transatlantique, 235 F.2d 240 (5 Cir. 1956); Loma Fruit Co. v. International Nav. Co. (C.C.A.2d N.Y., 1925) 11 F.2d 124, 127, certiorari denied Atchison T. & S.F. Ry Co. v. Loma Fruit Co., 270 U.S. 662, 46 S.Ct. 471, 70 L.Ed. 787.
The third-party defendant appears to admit that the rule did exist and that there were old cases that granted contribution. He contends however that by the decisions in Pope & Talbot v. Hawn, 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 and in Halcyon Lines v. Haenn Ship. Corp., 342 U.S. 282, 72 S.Ct. 277, 96 L.Ed. 318 (1952), the Supreme Court has decided that the right of contribution such as is intended by the New Jersey Tortfeasors Act, is wiped out and does not exist.
The Supreme Court, in the Pope & Talbot case said that while a state may sometimes supplement federal maritime policy, it may not deprive a person of substantial admiralty rights. In Halcyon (above), Halcyon Lines hired Haenn Corp. to make repairs on its vessel. An injured employee sued Halcyon and it in turn sued Haenn as a joint tortfeasor. The court said that where two vessels collide, the mutual wrongdoers share equally the damages sustained by each as well as damage to third persons. The court stated it has never applied the rule to non collision cases. "In the absence of legislation, courts exercising a common *305 law jurisdiction have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors. * * * We have concluded that it would be unwise to attempt to fashion new judicial rules of contribution and that solution of this problem should await congressional action. * * * In view of the foregoing, and because Congress while acting in the field has stopped short of approving the rule of contribution here urged, we think it would be inappropriate for us to do so." [242 U.S. 282, 72 S.Ct. 279.]
This case has been followed in a number of cases, Morrissette v. Gulf Refining Co., 127 F. Supp. 469 (D.C.E.D. La. 1954), certiorari denied Gulf Refining Co. v. Black Warrior Towing Co., 352 U.S. 832, 77 S.Ct. 49, 1 L.Ed.2d 52 (1956) (fire while gasoline discharged at dock resulting in personal injury and property damage).
It must be understood that in all of these cases, the third-party suit is against the employer of the injured plaintiff. In our state courts in a suit involving state issues, the Joint Tortfeasors Act could not apply. Farren v. New Jersey Turnpike Authority, 31 N.J. Super. 356 (App. Div. 1954). The court in the Pope & Talbot and Halcyon cases did not discuss these cases permitting contribution and did not distinguish between those cases and the employer-employee relationship. In American Mutual Liability Co. v. Matthews, 182 F.2d 322 (1950) contribution was denied because the employer-employee relationship existed, and was covered by the Longshoreman's and Harbor Workers Compensation Act, 33 U.S.C.A. § 901 et seq. The court did not say the right of contribution did not exist.
The court believes these cases are to be distinguished by reason of the employer-employee relationship and do not wipe out the right of contribution.
The general maritime law rule of divided damages does not apply except in a collision among vessels. Mr. Justice Black made it clear in the Halcyon case that there was no affirmative rule of maritime law which denied contribution in non-collision cases. The court relied on the *306 fact that Congress did not act in this particular situation and decided not to act in this particular case. The court did make a statement (342 U.S. at page 285, 72 S.Ct. at page 280, 96 L.Ed. 318) that it would fashion a rule for contribution "if wholly convinced that it would best serve the ends of justice."
This brings up an interesting point. Maritime law development shows that it was never created as a definite all-inclusive body of law. When a void existed, it adopted as its law the applicable law of the state under the very clause set forth above by Mr. Justice Black. The general maritime law is not complete and there are areas of law where the state law may supplement the general maritime law, when the state law is not hostile to the characteristic features of maritime law or is inconsistent with federal legislation. Just v. Chambers, 312 U.S. 383, 61 S.Ct. 687, 85 L.Ed. 903 (1941); Wilburn Boat Company v. Fireman's Fund Insurance, 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955).
There exists a void in the general maritime law similar to cases which exist with reference to wrongful death. See Just v. Chambers, supra.
The New Jersey Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1 will be applied in the absence of a rule providing for contribution between joint tortfeasors in a maritime non-collision case involving personal injuries. The question of applicability of a state joint tortfeasors act was not discussed in the Halcyon case. The accident here occurred in waters within the geographical boundaries of New Jersey. The language of our Joint Tortfeasors Act has sufficient scope to include a maritime cause of action which arises in New Jersey. This act is broadly construed. Judson v. Peoples Bank & Trust Company of Westfield, 17 N.J. 67, 110 A.2d 24 (1954). Cf. Halecki v. United N.Y. & N.J. Sandy Hook Pilots Ass'n, 251 F.2d 708 (2 Cir. 1958), certiorari granted 357 U.S. 903, 78 S.Ct. 1149, 2 L.Ed.2d 1154 (1958); Skovgaard v. The Tungus, 252 F.2d 14 (3 Cir. 1957), certiorari granted 357 U.S. 903, *307 78 S.Ct. 1146, 2 L.Ed.2d 1154 (1958). (The latter two cases adopt the N.J. Death Act, N.J.S. 2A:31-1, N.J.S.A. in federal maritime cases.)
I have decided that this case shall be tried in our court under the principles of federal maritime law, and that the doctrine for divided damages does not apply. I have decided that a right of contribution exists and that by the void in federal law on this subject, the New Jersey Tortfeasors Act may be applied as a supplement to the general maritime law.
The motion to dismiss the third-party joint tortfeasors must be denied.

SUPPLEMENTAL OPINION.
SCHNEIDER J.C.C. (temporarily assigned).
Since giving my opinion in the above matter on a motion to dismiss the third-party joint tortfeasors suit, the Supreme Court of the United States decided a number of maritime cases (decisions rendered February 24, 1959), some of which were quoted in my opinion, based on the decisions in the Circuit Court of Appeals.
My first point was the fact that even though the case arose in the state court, federal maritime law would apply.
In Kermarec v. Compagnie Generale Transatlantique, 79 S.Ct. 406 (1959) the petitioner paid a social call to someone on the boat. He fell while descending a stairway. The district court held state law applied. The court held that admiralty law applied. "If this action had been brought in a state court, reference to admiralty law would have been necessary to determine the rights and liabilities of the parties." Contributory negligence could only be considered in mitigation of damages.
In my second point I held that despite the case being a maritime one, the admiralty law could adopt the state statute on joint tortfeasors since Admiralty was judge-made law and could adopt a state law where there was a void in the maritime law. In The Tungus v. Skovgaard, 79 *308 S.Ct. 503, 506 (1959), quoted in my decision for the Circuit Court of Appeals decision, the court held the adoption by the maritime law of the New Jersey Wrongful Death Act was proper. The court split 5-4, not on the adoption by admiralty law of the state statute, but the majority held that when admiralty adopts a state's right of action for wrongful death, it must enforce the right as an integrated whole, with whatever conditions and limitations the creating state has attached. "It must take the right subject to the limitations which have been made a part of its existence." This does not act as a limitation of our case, since the defendant sought to adopt the joint tortfeasors act as applied in New Jersey.
In the minority opinion, by Mr. Justice Brennan, the statement was made that "The federal courts of their own initiative have used state statutes for remedial purposes when federal duties were concerned."
Nowhere in the majority opinion is this statement disputed. The difference among the court was the interpretation of the state law, not its application. The Brennan opinion even stated "No one is contending that the state statutes are to be given no operation in this area; they are an important remedial incident of the right that respondent seeks to assert here."
Another case quoted by this court was also decided the same day. United New York & New Jersey Sandy Hook Pilots Association v. Halecki, 79 S.Ct. 517 (1959), also permitted the court to adopt the New Jersey Wrongful Death Act although the 5-4 decision turned on the question that the decedent was not doing the work of a seaman, not an issue in our case.
This supplemental opinion is filed because the above cases were quoted in the previous opinion and have now been decided on the highest level. The decisions will not put the matter to final rest because on the other points raised a whole new field of controversy is opened. The decisions leave considerable doubt, not in the use of the state remedy, but in its application to individual cases.