**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3718-21
A-0298-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ZAIRE R. EVANS, a/k/a
DARRYL MILTON,

     Defendant-Appellant.

_____

Argued January 10, 2024 – Decided February 12, 2024

Before Judges Vernoia and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 02-04-1288.

Troy A. Archie argued the cause for appellant (Afonso Archie Law, PC, attorneys; Troy A. Archie, on the briefs).

Rachel Maureen Lamb, Assistant Prosecutor, argued the cause for respondent (Grace C. MacAulay, Camden County Prosecutor, attorney; Rachel Maureen Lamb, of counsel and on the brief).

PER CURIAM

These consolidated appeals involve unsuccessful attempts to correct a clerical error in a judgment of conviction. Defendant Zaire Evans appeals from a February 6, 2018 change of judgment of conviction, which had the effect of reinstating an October 2, 2017 change of judgment of conviction, and a June 24, 2022 order denying his motion for reconsideration and modification of his sentence. The motion judge denied the motion, finding a prior change of judgment had been issued to correct typographical errors and that defendant's sentence was not illegal. We agree and affirm but remand with a directive the trial court issue a corrected judgment of conviction that accurately identifies the statutory basis, N.J.S.A. 2C:39-5(b), of defendant's conviction for third-degree unlawful possession of a weapon.

In connection with a May 4, 2001 shooting, a Camden County grand jury returned an indictment charging defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2) (Count One); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (Count Two); second-degree burglary, N.J.S.A. 2C:18-2 (Count Three); first-degree robbery, N.J.S.A. 2C:15-1 (Count Four); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (Count Five); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (Count Six); third-

2

degree endangering an injured victim, N.J.S.A. 2C:12-1.2 (Count Seven); and second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b) (Count Eight).

Before trial, the first-degree robbery charge (Count Four) was dismissed. The trial judge handwrote the following on the first page of a copy of the indictment:

> Indictment Amended 9/16/03
> - Robbery count dismissed
> - Reference to robbery in Count 2 deleted
> - Counts 5-6-7-8 renumbered as 4-5-6-7.
>
> So ordered.

The judge placed his signature below that handwritten language and marked up the copy of the indictment accordingly, crossing out the word "robbery" in Count Two and renumbering Counts Five, Six, Seven, and Eight. The verdict sheet submitted to the jury referenced the numbers of the counts of the indictment as amended by that handwritten order, meaning Counts Five, Six, Seven, and Eight were renumbered as Counts Four, Five, Six, and Seven, respectively.

A jury convicted defendant of aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as a lesser-included offense of first-degree murder (Count One); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (Count Two); second-degree burglary, N.J.S.A. 2C:18-2 (Count Three); second-degree possession of a

weapon for unlawful purpose, N.J.S.A. 2C:39-4(a) (renumbered as Count Four on the verdict sheet); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (renumbered as Count Five on the verdict sheet); third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2 (renumbered as Count Six on the verdict sheet); and second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b) (renumbered as Count Seven on the verdict sheet).

The trial judge imposed on defendant an aggregate term of imprisonment of fifty years, with a thirty-five-year period of parole ineligibility. The judge issued a written statement of reasons for the sentence, including a footnote in which he referenced the pre-trial dismissal of the robbery count and the subsequent renumbering of the original Counts Five through Eight. Referencing the counts as they had been numbered on the verdict sheet, the judge merged the conviction for possession of a weapon for unlawful purpose (Count Four on the verdict sheet) with the aggravated-manslaughter conviction (Count One) and the aggravated-manslaughter conviction (Count One) and burglary conviction (Count Three) with the felony-murder conviction (Count Two) and imposed a forty-year term of imprisonment with a thirty-year period of parole ineligibility on the felony-murder conviction (Count Two), a five-year term of imprisonment with a 2.5-year period of parole ineligibility on the unlawful-possession

conviction (Count Five on the verdict sheet), a five-year term of imprisonment with a 2.5-year period of parole ineligibility on the endangering conviction (Count Six on the verdict sheet), and a ten-year term of imprisonment with a five-year period of parole ineligibility for the certain-persons conviction (Count Seven on the verdict sheet).

The judge directed that defendant would serve the sentences imposed for the felony-murder conviction (Count Two) and the certain-persons conviction (Count Seven on the verdict sheet) consecutively, the sentence imposed for the unlawful-possession conviction (Count Five on the verdict sheet) concurrently with the sentences imposed for the felony-murder conviction (Count Two) and the certain-persons conviction (Count Seven on the verdict sheet), and the sentence imposed for the endangering conviction (Count Six on the verdict sheet) consecutively to the sentence imposed for the felony-murder conviction (Count Two) and concurrently with the sentence imposed for the certain-persons conviction (Count Seven on the verdict sheet).

The judge memorialized the convictions and sentences in a November 20, 2003 judgment of conviction (the First JOC). In the "final charges" section of the First JOC, the judge referenced the counts using the numbers set forth in the indictment. In another section, he described the sentences using the numbers

5

set forth on the verdict sheet. Despite the different references to the numbers of the counts, the First JOC accurately reflected the substantive crimes for which defendant had been convicted, including that he had been convicted on the charge of third-degree unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5(b).

Defendant appealed, arguing, among other things, his sentence was manifestly excessive. In a 2005 opinion, we affirmed the convictions and the sentences except for the sentences on the endangering and certain-persons convictions. State v. Evans, No. A-3398-03 (App. Div. Dec. 23, 2005). We held a resentencing was required on those convictions and directed the judge on remand also to reconsider the consecutive nature of the sentence imposed on the certain-persons conviction. Id. at 5.

At the beginning of the resentencing hearing, the judge explained to defendant, who was represented by counsel, that he had the right to speak during the hearing if he wanted to do so. During the hearing, the judge asked counsel to let him know if defendant wanted to address the court regarding the resentencing. Defense counsel advised the judge defendant had indicated he did not want to address the court. After hearing argument and considering the applicable aggravating and mitigating factors, the judge imposed the same time

periods of imprisonment but held defendant would serve the sentence on the certain-persons conviction concurrent with the other sentences. Thus, the aggregate sentence was forty-five years of imprisonment with a 32.5-year period of parole ineligibility.

On February 3, 2006, the judge issued a written opinion on the resentencing, in which he utilized the count numbering used on the verdict sheet and addressed defendant's arguments regarding mitigating factors, and a new judgment of conviction (the Second JOC), in which he utilized in the "final charges" section the count numbering used on the indictment and, in the discussion section, the count numbering used on the verdict sheet. Despite those differences, like the First JOC, the Second JOC accurately reflected the substantive crimes for which defendant had been convicted, including that he had been convicted on the charge of third-degree unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5(b).

Within months of that decision, defendant appealed the new sentence and petitioned for post-conviction relief (PCR). The court dismissed without prejudice the PCR petition given the pending appeal. Defendant withdrew the appeal and filed a new PCR petition. In that petition, defendant argued, among other things, that the court and his counsel had failed to explain adequately "his

7

sentencing exposure." The PCR judge denied the petition. We affirmed that denial, State v. Evans, No. A-1702-11 (App. Div. Aug. 26, 2013), and the Supreme Court denied defendant's petition for certification, State v. Evans, 218 N.J. 275 (2014).

In a September 28, 2017 letter, the then-presiding judge of the criminal division of the Camden vicinage advised a Department of Corrections "classification officer" of the death of the judge who had presided over defendant's trial and had sentenced him. The presiding judge stated:

> I have reviewed the file in this case and am providing the following guidance. The confusion stems from the fact that original count 4 (armed robbery) was dismissed on the State's motion prior to trial and original counts 5 through 8 were re-numbered as counts 4 through 7. So the "final charges" section on page 1 of the Judgment of Conviction (JOC) is accurate as it reflects the numbering of the counts as they appear in the Indictment. However, the numbering used on page 2 of the JOC is based on the re-numbering of original counts 5 through 8 and this is incorrect. Enclosed is an amended JOC that uses the correct numbering on page 2. I have not changed the Statement of Reasons because that document clearly explains the re-numbering in footnote 1 on the first page of the document.

Nothing in the record before us indicates what prompted the presiding judge to write to the Department of Corrections officer. The record also is not clear as to which "amended JOC" was enclosed in the presiding judge's letter.

A-3718-21

The record contains a document entitled "Change of Judgment of Conviction and Order for Commitment 10/2/17 – AMENDED AS TO COUNTS ONLY," which was signed and entered by the presiding judge on October 2, 2017 (the Third JOC). Throughout the Third JOC, the presiding judge used the numbers set forth on the original indictment, not the verdict sheet, to refer to the counts. The judge correctly stated defendant had been convicted of third-degree unlawful possession of a weapon and had been sentenced to a five-year term of imprisonment with a 2.5-year period of parole ineligibility for that conviction but incorrectly indicated defendant had been charged and convicted for that crime under paragraph (d) of N.J.S.A. 2C:39-5, not paragraph (b). A violation of N.J.S.A. 2C:39-5(d) is a fourth-degree crime.

During October of 2017, defense counsel sent a letter to the Department of Corrections officer asking for "copies of the sentencing documents presently at issue" and a letter to the presiding judge noting "the JOC was recently amended" and asking that "defendant be permitted to comment prior to final amendment of the JOC." In a November 12, 2017 letter to the case manager, defense counsel asked for a hearing regarding the Third JOC, citing Rule 3:21-10(c).

A-3718-21

On November 15, 2017, a new judge entered a "Change of Judgment of Conviction & Order for Commitment 10/31/17:  CORRECTS FINAL COUNTS ONLY" (the Fourth JOC).  In the Fourth JOC, the judge referenced the dismissal of the robbery count, which had been Count Four in the indictment, and the September 16, 2003 amendment of the indictment to renumber the other counts.  He ordered the amendment of the First JOC "to correct the numbering of the final charges ONLY."  In the "final charges" section of the Fourth JOC, the judge used the count numbering set forth on the verdict sheet.  The judge accurately identified defendant's conviction of third-degree unlawful possession of a weapon as a violation of N.J.S.A. 39-5(b).

Defendant moved to modify his sentence.  On February 6, 2018, the same judge who had entered the Fourth JOC entered a "Change of Judgment of Conviction & Order for Commitment 02/05/2018:  VACATES AMENDED JOC OF 11/15/2017" (the Fifth JOC).  As the title indicates, the judge vacated the Fourth JOC and stated that the Third JOC "remain[ed] in full force and effect."  In the "final charges" section of the Fifth JOC, the judge used the count numbering set forth in the original indictment and incorrectly cited N.J.S.A. 2C:39-5(d) when referencing the charge and conviction for third-degree unlawful possession of a weapon.

A-3718-21

In 2022, defendant filed a "petition for reconsideration and modification of sentence," arguing he had not been present and had been deprived of the opportunity to argue about the propriety of the amendments to the judgments of conviction and for the consideration of any post-conviction rehabilitation and his status as a youthful offender. After hearing argument, the motion judge denied the motion in a decision placed on the record, finding the amendments to the judgments of conviction were "administrative amendment[s] to correct . . . typographical mistakes," defendant did not have a right to be present for an administrative amendment to correct a typographical error, and defendant was not entitled to consideration as a youthful offender under State v. Lane, 251 N.J. 84 (2022). On June 24, 2022, the judge entered an order denying "defendant's motion for reconsideration and modification of his sentence."

On appeal, defendant argues:

> I. THE JUDGMENT OF CONVICTION WAS ILLEGALLY MODIFIED OUTSIDE APPELLANT'S PRESENCE
>
> II. THE JUDGMENT OF CONVICTION STILL REMAINS INCORRECT DESPITE NUMEROUS MODIFICATIONS BY THE COURT OUTSIDE OF APPELLANT'S PRESENCE AND IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS
>
> III. THE APPELLANT IS ENTITLED TO A REMAND ON SENTENCING[.]

11

Unpersuaded by those arguments, we affirm.

"There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law. . . . Those two categories of illegal sentences have been 'defined narrowly.'" State v. Hyland, 238 N.J. 135, 145 (2019) (quoting State v. Murray, 162 N.J. 240, 246 (2000)). Defendant does not claim the sentences imposed on him exceeded the penalties authorized by law for the crimes for which he was convicted. Instead, he asserts the purported failure "to consider any post-conviction mitigation" and his absence from "any post-appeal modification" rendered "his sentencing proceeding illegal." We disagree.

In his merits brief, defendant complains first about the resentencing the trial judge conducted in 2006 after we remanded the case in 2005, contending "it was conducted without a sentencing hearing as [the judge] merely issued an opinion." In the interest of completeness and clarity of the record, we address that argument, even though defendant long ago withdrew his appeal of that new sentence. The record contradicts defendant's characterization of the February 3, 2006 proceeding. The transcript of the proceeding shows the judge began the hearing by making sure defendant understood he had "the right to speak at this resentencing, if he so desires"; heard argument from counsel, including defense

12

counsel's argument about aggravating and mitigating factors; again asked if defendant wanted to address the court; was informed by defense counsel that defendant had indicated he did not want to address the court; and rendered a decision that included his analysis of aggravating and mitigating factors. Contrary to defendant's assertion, the judge did not "just read aloud a prewritten opinion on re-sentencing . . . . "

In the Fifth JOC, the judge vacated the Fourth JOC and held the Third JOC was "in full force and effect."  Defendant does not challenge the vacation of the Fourth JOC or the judges' use in the Third JOC and the Fifth JOC of the count numbering set forth in the original indictment.  He complains that he was not given an opportunity to address the court before the Third JOC and the Fifth JOC were issued and that those judgments of conviction incorrectly reference subparagraph (d) of N.J.S.A. 2C:39-5 in connection with his conviction for third-degree unlawful possession of a weapon.

Rule 3:21-4(b) provides that a "[s]entence shall not be imposed unless the defendant is present or has filed a written waiver of the right to be present." Thus, a criminal defendant has the right to be present and to speak when a court is imposing a sentence on that defendant.  See State v. Jones, 232 N.J. 308, 318-19 (2018) (confirming a criminal defendant's right to be present and to speak at

sentencing).  The basis of that right is a recognition that a criminal defendant should have the opportunity to speak to the court before the court imposes a sentence on that defendant because "[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself."  State v. Zola, 112 N.J. 384, 428 (1988) (quoting Green v. United States, 365 U.S. 301, 304 (1961)).

However, the correction of a clerical error in a judgment of conviction is not the equivalent of a sentencing or resentencing of a defendant.  Rule 1:13-1 provides:

> Clerical mistakes in judgments, orders . . . and errors therein arising from oversight and omission may at any time be corrected by the court on its own initiative or on the motion of any party, and on such notice and terms as the court directs, notwithstanding the pendency of an appeal.

A "reconsideration of a sentence" may "require a court to conduct a new sentencing proceeding[,]" but "'mere corrections of technical errors'" don't "'require sentencing anew.'"  State v. Robinson, 217 N.J. 594, 611 (2014) (quoting State v. Randolph, 210 N.J. 330, 350 (2012)).  In Robinson, the court recognized that the remand at issue was "not [a] remand simply to alter the judgment of conviction to reflect a merger of certain counts" but "require[d] an entirely new sentencing proceeding."  Ibid.; see also State v. Funderburg, 225

14

N.J. 66 (2016) (finding we had "properly remanded for correction of the judgment of conviction to address" the sentencing judge's improper merging of some weapons charges); State v. Williams, 219 N.J. 89 (2014) ("Because the judgment of conviction contains a typographical error in the grading of the two gun convictions, this matter must be remanded to the trial court for this technical correction."). In correcting a technical error on a judgment of conviction, the court is not reconsidering the sentence imposed on the defendant. The years of imprisonment to be served remain the same. Accordingly, a defendant's right to be present at a new sentencing is not triggered by the correction of a scrivener's error on a judgment of conviction.

And that's what the judges were doing in issuing the Third JOC and the Fifth JOC. For the sake of consistency and clarity, they were adopting and putting into place the count numbering used on the original indictment. They weren't changing the crimes of which defendant had been convicted or the years of imprisonment for which he was to serve for those convictions. They weren't sentencing him "anew." Randolph, 210 N.J. at 350. Thus, defendant was not entitled to be present or heard at a new sentencing hearing and was not entitled to consideration as a youthful offender under State v. Lane, 251 N.J. 84.

Unfortunately, in issuing the Third JOC, the judge incorrectly cited subparagraph (d) of N.J.S.A. 2C:39-5 when referencing defendant's charge and conviction for third-degree unlawful possession of a weapon, instead of subparagraph (b), which indisputably is the subparagraph under which defendant was charged and convicted. The judge who issued the Fifth JOC repeated that error. Defendant did not raise this issue in his "petition for reconsideration and modification of sentence." We nevertheless agree, and the State agrees, the case should be remanded for the issuance of a judgment of conviction that accurately identifies the statutory basis, N.J.S.A. 2C:39-5(b), for defendant's conviction for third-degree unlawful possession of a weapon. That correction of a technical error does not require a new sentencing hearing.

Affirmed and remanded with a direction the trial court issue a corrected judgment of conviction. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3718-21